PEOPLE v HARRIS

1. CRIMINAL LAW—OFFENSES—COGNATE OFFENSES.

Cognate offenses are offenses which share several elements and are of the same class or category, but the lesser offense may contain some elements not found in the greater offense.

2. CRIMINAL LAW—ARMED ROBBERY—RECEIVING AND CONCEALING STOLEN PROPERTY—ELEMENTS—COGNATE OFFENSES.

There are no overlapping elements of the crimes of armed robbery and receiving and concealing stolen property; therefore, receiving and concealing stolen property is not a cognate lesser offense on which a trial court is required to instruct a jury upon request in a trial for armed robbery.

3. CRIMINAL LAW—ARMED ROBBERY—UNLAWFULLY DRIVING AWAY AN AUTOMOBILE—ELEMENTS—COGNATE OFFENSES.

The crimes of armed robbery and unlawfully driving away an automobile share the elements of a trespassory taking and asportation of the property of another, and the offenses share the common statutory purpose of deterrence and punishment of the theft of property; therefore, unlawfully driving away an automobile is a cognate offense of armed robbery.

4. CRIMINAL LAW—INSTRUCTIONS TO JURY—COGNATE OFFENSES—RE-QUEST FOR INSTRUCTIONS.

A requested jury instruction on a cognate lesser offense need be given only where the evidence adduced at trial would support a conviction of the lesser offense.

5. CRIMINAL LAW—LARCENY FROM A PERSON—UNLAWFULLY DRIVING AWAY AN AUTOMOBILE—INSTRUCTIONS TO JURY.

A conviction of larceny from a person should be reversed and the

REFERENCES FOR POINTS IN HEADNOTES
[1] [No reference]
[2] 66 Am Jur 2d, Receiving Stolen Property § 33.
   67 Am Jur 2d, Robbery § 72.
[3] 7 Am Jur 2d, Automobiles and Highway Traffic §§ 303–308, 321.
[4] 75 Am Jur 2d, Trial § 876 *et seq.*
[5] 7 Am Jur 2d, Automobiles and Highway Traffic §§ 303–308.
   8 Am Jur 2d, Automobiles and Highway Traffic § 1019.

case remanded for entry of a conviction of unlawfully driving away an automobile where the trial court refused a request to instruct the jury on the crime of unlawfully driving away an automobile, where on the facts of the case the jury must have found the defendant guilty of all elements of unlawfully driving away an automobile to convict him of larceny from a person.

Appeal from Recorder's Court of Detroit, Samuel C. Gardner, J. Submitted December 14, 1977, at Detroit. (Docket No. 30265.) Decided March 21, 1978.

Calvin Harris was convicted of larceny from a person. Defendant appeals. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward R. Wilson,* Principal Attorney, Appeals, and *Paul C. Louisell,* Assistant Prosecuting Attorney, for the people.

*Lieberman & Tukel, P. C.* (by *Miriam L. Siefer),* for defendant on appeal.

Before: N. J. KAUFMAN, P. J., and BRONSON and D. E. HOLBROOK, JJ.

PER CURIAM. Defendant was charged with armed robbery. MCLA 750.529; MSA 28.797. Defense counsel timely requested instructions on unarmed robbery, MCLA 750.530; MSA 28.798; larceny from a person, MCLA 750.357; MSA 28.589; receiving or concealing stolen property (RCSP), MCLA 750.535; MSA 28.803, and unlawfully driving away an automobile (UDAA), MCLA 750.413; MSA 28.645. The trial court refused to instruct on RCSP or UDAA. Defendant was convicted by a jury of larceny from a person and appeals of right, raising two issues.

Defendant first contends that it was error for the trial court to refuse to give requested instructions on RCSP and UDAA in an armed robbery prosecution. This issue requires an examination of *People v Ora Jones,* 395 Mich 379; 236 NW2d 461 (1975).

Neither side contends nor do we find that RCSP or UDAA are necessarily included offenses.

*Ora Jones* described cognate offenses as sharing several elements and being of the same class or category, but the lesser may contain some elements not found in the higher offense. In determining whether RCSP or UDAA are cognate offenses of armed robbery, we must analyze the elements of each crime.

The elements of armed robbery are: 1) the trespassory, 2) taking and 3) carrying away of the 4) personal property 5) of another 6) with intent to permanently deprive 7) from a person or in his presence 8) while armed. See MCLA 750.529; MSA 28.797; LaFave & Scott, Criminal Law, 692.

The elements of RCSP are:

"(1) that the property was stolen; (2) the value of the property; (3) the receiving, possession or concealment of such property by the defendant with the knowledge of the defendant that the property had been stolen; (4) the identity of the property as being that previously stolen; and (5) the guilty constructive or actual knowledge of the defendant that the property received or concealed had been stolen."

*People v Matuja,* 77 Mich App 291, 295; 258 NW2d 79 (1977).

We find no overlapping elements between armed robbery and RCSP. Therefore, even assuming a common statutory purpose, we hold that RCSP

was not a cognate lesser offense on which the trial court was required to instruct upon request.

The elements of UDAA are: 1) taking possession 2) of an automobile 3) and a willful 4) driving or taking away 5) without authority. See MCLA 750.413; MSA 28.645, *People v Limon,* 4 Mich App 440; 145 NW2d 287 (1966).

Some overlap between the elements of armed robbery and UDAA is apparent. Both require the trespassory (without authority) taking and asportation (driving away) of the property (automobile) of another. While UDAA does not require a specific intent to steal, the taking must be willful. In addition to the overlap of several elements, the offenses share a common statutory purpose: the deterrence and punishment of the theft of property. We hold that UDAA is a cognate offense of armed robbery.

A requested instruction on a cognate offense need be given only when the evidence adduced at trial would support a conviction of the lesser offense. *People v Chamblis,* 395 Mich 408; 236 NW2d 473 (1975). In the case at bar, testimony at trial established that an employee of a Cadillac dealership was in an automobile. Two individuals approached the car. Defendant-appellant was identified as the one who got into the front seat; his companion entered the back seat. Defendant asked the employee to leave the car, stating that the back seat passenger had a gun. The employee saw a gun and exited the car. The back seat passenger also got out; the front seat passenger drove away. Three days later two occupants of the stolen car were arrested and identified defendant-appellant as the driver. This evidence would have supported a conviction of UDAA. Therefore, the trial court erred in refusing to instruct upon request on UDAA.

We also hold that the trial court was not required to instruct *sua sponte* on the inherent dangers of accomplice testimony[1] where there was no evidence indicating that the two witnesses were accomplices.

Defendant's conviction of larceny from a person is reversed. While ordinarily it would be improper for this Court to speculate on the verdict a jury would have returned had it been properly instructed on cognate offenses, on the particular facts of this case, the jury must have found defendant guilty of all elements of UDAA to convict him of larceny from a person. *Cf. People v Jenkins,* 395 Mich 440; 236 NW2d 503 (1975). This case therefore is remanded for entry of a judgment of conviction of UDAA and resentencing. If, however, the prosecutor is persuaded that the ends of justice would be better served, upon notification to the trial court before resentencing, the trial court shall vacate the judgment of conviction and grant a new trial on the charge of larceny from a person.

---

[1] *See People v McCoy,* 392 Mich 231; 220 NW2d 456 (1974).