PEOPLE v HANER

Docket No. 77-4622. Submitted June 20, 1978, at Lansing.—Decided October 3, 1978.

John M. Haner was convicted of breaking and entering with intent to commit larceny, Midland Circuit Court, Tyrone Gillespie, J. After trial, the defendant filed a motion for a new trial based on the trial court's refusal to give a requested instruction on the crime of entering without breaking. After a hearing, the motion was granted, although no formal order for a new trial was ever entered.

Subsequently, the prosecutor informed the trial court that he did not wish to proceed with a new trial. The prosecutor recommended that the defendant's conviction of breaking and entering be vacated, and that judgment of conviction on the charge of entering without breaking be substituted. After a hearing on the prosecutor's motion, the trial court set aside its order for a new trial and agreed to sentence the defendant on the lesser included offense of entering without breaking. The defendant appeals. *Held:*

1. The trial court erred in refusing to give the requested instruction. However, this error does not entitle the defendant to a new trial because the usual appellate remedy is to remand the case for entry of a judgment of conviction on the lesser offense with the prosecutor having the option of accepting the conviction on the lesser charge or, upon proper motion, move for a retrial on the original charge. The trial court did not err in vacating its order for a new trial and in its stead entering a conviction on the lesser offense.

2. The trial court properly determined that a statement made to police by the defendant was made voluntarily and, therefore, admissible in evidence.

Affirmed.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 21 Am Jur 2d, Criminal Law § 226.
[3] 58 Am Jur 2d, New Trial § 127.
[4] 58 Am Jur 2d, New Trial § 217.
[5] 29 Am Jur 2d, Evidence §§ 523-596.

1. CRIMINAL LAW—LESSER INCLUDED OFFENSES—COMMON-LAW TEST.

   The common-law test for lesser included offenses requires that the lesser must be such that it is impossible to commit the greater without first having committed the lesser; if the lesser included offense is one that is necessarily included within the greater, the evidence will always support the lesser if it supports the greater.

2. BURGLARY—LESSER INCLUDED OFFENSES—BREAKING AND ENTERING —ENTERING WITHOUT BREAKING—REQUESTED INSTRUCTIONS.

   Entering without breaking is a necessarily included lesser offense to the crime of breaking and entering; therefore, it is reversible error to refuse to give a requested instruction on entering without breaking where a defendant is being tried for breaking and entering.

3. CRIMINAL LAW—INSTRUCTIONS TO JURY—LESSER INCLUDED OFFENSES—NEW TRIAL—PROSECUTOR'S OPTION.

   A trial court's erroneous failure to give a requested instruction on a lesser included offense does not entitle a defendant to a new trial; the usual remedy applied by an appellate court is to remand the case for entry of a judgment of conviction of the lesser offense, with the prosecutor having the option to accept the conviction on the reduced charge, or upon proper notice, move for a retrial on the original charge.

4. NEW TRIAL—ORDERS—VACATING ORDER FOR NEW TRIAL.

   A trial court may set aside and vacate an order for a new trial improvidently granted.

5. CONSTITUTIONAL LAW—CRIMINAL LAW—CONFESSIONS—VOLUNTARINESS OF CONFESSION.

   A reviewing court must examine the entire record and make an independent determination when reviewing a finding by the trial court that a defendant's confession made to police was made voluntarily.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Doyle A. Rowland,* Prosecuting Attorney, and *Thomas C. Panian,* Assistant Prosecuting Attorney, for the people.

*John P. Higgins,* for defendant on appeal.

Before: R. B. Burns, P.J., and D. F. Walsh and M. E. Clements,* JJ.

M. E. Clements, J. On July 14, 1977, the defendant was convicted by a jury of breaking and entering an occupied building with intent to commit larceny, MCL 750.110; MSA 28.305. On July 19, 1977, the defendant filed a motion for a new trial, based on the trial court's refusal to give a requested instruction on the crime of entering without breaking, MCL 750.111; MSA 28.306.

On August 11, 1977, at a hearing on the defendant's motion, the people opposed the defendant's motion, arguing that the offense of entering without breaking was not a necessarily included offense to breaking and entering. Based on an unpublished order issued by this Court in *People v Loeffler* (Docket No. 77-427, dated July 29, 1977), the trial court granted the defendant's motion. No formal order for a new trial was ever entered.

In a letter dated August 15, 1977, the prosecutor informed the trial court that he did not wish to proceed with a new trial. He recommended that the defendant's conviction of breaking and entering be vacated, and that judgment of guilt on the charge of entering without breaking be substituted.

At the conclusion of a hearing on the prosecutor's motion, the trial court set aside its order of a new trial and agreed to sentence the defendant on the lesser included offense of entering without breaking. The defendant was then sentenced to six months in the county jail and given three years probation. The defendant appeals as of right.

The common-law test for lesser included offenses requires "that the lesser must be such that it is

---

* Circuit judge, sitting on the Court of Appeals by assignment.

impossible to commit the greater without first having committed the lesser". *People v Ora Jones,* 395 Mich 379, 387; 236 NW2d 461 (1975). "If the lesser included offense is one that is necessarily included within the greater, the evidence will always support the lesser if it supports the greater." *Ora Jones,* 395 Mich at 390. We find that entering without breaking is a necessarily included lesser offense to the crime of breaking and entering. Thus, the trial court committed reversible error in refusing the request to charge on the lesser offense.

A trial court's erroneous failure to give a requested instruction on a lesser included offense does not entitle the defendant to a new trial. The usual remedy by the appellate court is to remand the case for entry of conviction of the lesser offense. Such cases allow the prosecutor to accept conviction of the reduced charge or, upon proper notice, move for a retrial on the original charge. *People v Page,* 83 Mich App 412; 268 NW2d 666 (1978). See also, *People v Allen,* 80 Mich App 786, 788–789; 265 NW2d 47 (1978), *People v Thompson,* 76 Mich App 705, 708; 257 NW2d 268 (1977), *lv den,* 402 Mich 829 (1977), *People v Lank Thomas,* 399 Mich 826; 249 NW2d 867 (1977).

In the case at bar, the trial court perceived its own error and proceeded to correct it by granting the defendant a new trial, rather than by substituting entry of conviction of the lesser offense.

A trial court may set aside and vacate an order for a new trial improvidently granted. *People v Beath,* 277 Mich 473, 479; 269 NW 238 (1936), *People v Poole,* 7 Mich App 237, 242; 151 NW2d 365 (1967).

There is no indication that the defendant was prejudiced by the trial court's actions. We hold,

therefore, that the trial court did not err in vacating its order of a new trial and in its stead entering a conviction on the lesser offense of breaking without entering.

The defendant also challenges the trial court's admission into evidence of a written statement allegedly made by the defendant shortly after his arrest and after he was given the *Miranda* warnings. The statement was not read to the defendant and was not signed by him. The defendant argues that his refusal to sign the statement constituted a revocation of his previous waiver of the Fifth Amendment right to silence. At a pretrial suppression hearing, the trial court found that the statement was a voluntary confession, that the defendant had knowingly and intelligently waived his *Miranda* rights, and therefore the statement was admissible at trial.

In reviewing a finding of voluntariness at a *Walker* hearing, the reviewing court must examine the entire record and make an independent determination of the issue of voluntariness. *People v Robinson,* 386 Mich 551, 557; 194 NW2d 709 (1972), *People v Cutler,* 73 Mich App 313, 317; 251 NW2d 303 (1977). The defendant's testimony at the suppression hearing indicated that he had been given the *Miranda* warnings, and that he understood their meaning, before making his incriminating statement. Thus, we hold that the people have sustained the burden of proving that the statement was voluntary when made.

The defendant's other issues of error have been rendered moot by our previous determinations.

Affirmed.