PEOPLE v VINSON

Docket No. 77-4692. Submitted September 4, 1979, at Lansing.—Decided November 6, 1979.

Larry Vinson was convicted of assault with intent to do great bodily harm less than murder and of possession of a firearm in the commission of a felony, Recorder's Court of Detroit, George T. Ryan, J. Defendant appeals, alleging among other things that a jury instruction on felonious assault should have been given by the trial court. Defendant had been charged with assault with intent to commit murder, and defense counsel requested a felonious assault instruction after the jury had retired to the jury room but before they had begun deliberating. The request was denied. *Held:*

1. Felonious assault is not a necessarily included lesser offense of assault with intent to murder, but it is a cognate offense of assault with intent to murder. Therefore, an instruction on felonious assault, when requested, need only have been given if the evidence on the record would support a conviction of that offense. In this case there is such record support.

2. A requested instruction may be given at any time in the discretion of the trial court. In this case, the jury had not yet begun deliberation, and the instruction was supported by the evidence. The failure to give the requested instruction in this case was error.

The conviction of possession of a firearm in the commission of a felony is affirmed. The conviction of assault with intent to do great bodily harm less than murder is reversed, and the case is remanded for entry of a conviction of felonious assault and for resentencing, unless the prosecutor chooses to move for a new trial.

1. ASSAULT — FELONIOUS ASSAULT — ASSAULT WITH INTENT TO COMMIT MURDER.

Felonious assault is not a necessarily included lesser offense of

REFERENCES FOR POINTS IN HEADNOTES

[1] 6 Am Jur 2d, Assault and Battery § 48.
    40 Am Jur 2d, Homicide § 535.
[2] 75 Am Jur 2d, Trial § 876.
[3] 75 Am Jur 2d, Trial § 583.

assault with intent to commit murder; felonious assault is a cognate offense of assault with intent to commit murder, that is, a lesser offense within the same class or category but which may contain some elements not found in the higher offense.

2. CRIMINAL LAW — INSTRUCTIONS TO JURY — LESSER INCLUDED OFFENSES.

An instruction to the jury on a cognate lesser included offense need only be given if the evidence on the record supports it.

3. TRIAL — INSTRUCTIONS TO JURY — REQUESTS FOR INSTRUCTIONS — COURT RULES.

Requests for jury instructions should be made before the judge formally charges the jury, or at any other time the court directs; however, an instruction which is requested late may be given if, in the trial court's discretion, it would aid the jury in arriving at a just verdict (GCR 1963, 516.1, 516.4).

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward R. Wilson,* Principal Attorney, Appeals, and *Maura D. Corrigan,* Assistant Prosecuting Attorney, for the people.

*Gillis, Louisell & Berg,* for defendant on appeal.

Before: DANHOF, C.J., and BRONSON and BEASLEY, JJ.

PER CURIAM. Defendant was convicted by a jury of assault with intent to do great bodily harm less than murder, contrary to MCL 750.84; MSA 28.279, and possession of a firearm in the commission of a felony, contrary to MCL 750.227b; MSA 28.424(2). He was sentenced to 5 to 15 years in prison on the first count and two years on the second, the sentences to run consecutively. Defendant appeals as of right.

Our review of the questions posed on appeal indicates that one warrants our consideration.

Defendant was charged with assault with intent

to commit murder. The trial judge instructed the jury on the lesser included offenses of assault with intent to commit great bodily harm less than murder and reckless discharge of a firearm. At the conclusion of the judge's instructions, after the jury had retired to the jury room but before they had begun to deliberate, defense counsel requested for the first time that the court give an instruction on felonious assault.[1] In denying the request, the court gave as its reason, "Not where you have this serious of a wound". Although the court did not state the tardiness of the request as its reason for the denial of the felonious assault instruction, in denying another request, the trial court noted it had set "the day before yesterday at 9 a.m." as the deadline for the submission of special requests for charges to the jury.

Initially, we must determine if the court was required to give the instruction on felonious assault, had the court been requested to do so before it charged the jury. Then, we shall discuss what effect the timing of the request had on the judge's discretion to deny such request.

We recognize that felonious assault is not a necessarily included lesser offense of assault with intent to commit murder. A necessarily included lesser offense is one such that it is impossible to commit the greater offense without first committing the lesser.[2] Defendant herein was charged with assault with intent to commit murder. The elements of that crime are (1) an assault, (2) with specific intent to murder, (3) and which, if successful, would make the killing murder.[3]

---

[1] MCL 750.82; MSA 28.277.

[2] *People v Bryant*, 80 Mich App 428, 433; 264 NW2d 13 (1978), *People v Ora Jones*, 395 Mich 379; 236 NW2d 461 (1975).

[3] *People v Branner*, 53 Mich App 541, 544; 220 NW2d 183 (1974).

Felonious assault is defined in MCL 750.82; MSA 28.277 as follows:

"Any person who shall assault another with a gun, revolver, pistol, knife, iron bar, club, brass knuckles or other dangerous weapon, but without intending to commit the crime of murder, and without intending to inflict great bodily harm less than the crime of murder, shall be guilty of a felony."

In order to convict on a charge of felonious assault, it is necessary that an assault was made with a dangerous weapon.[4] Since a person could be found guilty of assault with intent to commit murder where no weapon was involved, and, since a weapon must be involved to support a felonious assault conviction, it is possible to commit the greater offense without committing the lesser and the offense of felonious assault is not necessarily included.

Cognate offenses are those which share several elements and are within the same class or category, but the lesser may contain some elements not found in the higher offense.[5] We find the common element of assault present in both felonious assault and assault with intent to commit murder and determine that felonious assault is a cognate offense of assault with intent to commit murder. Although requests for instructions on lesser included offenses must be granted when the requested charge is for a necessarily lesser included offense, an instruction on a cognate lesser included offense need only be given if the record evidence supports it.[6]

---

[4] *People v Hooper,* 36 Mich App 123; 193 NW2d 203 (1971).

[5] *People v Harris,* 82 Mich App 135; 266 NW2d 477 (1978), *People v Ora Jones, supra.*

[6] *People v Kamin,* 405 Mich 482; 275 NW2d 777 (1979).

Our review of the transcript indicates that the complainant testified that he was shot and attacked with a knife by defendant. Defendant took the stand and claimed that complainant pulled the gun on him. In his attempt to grab for it, a shot went off. Defendant testified he struggled for the gun and another shot went off injuring complainant. In further testimony, defendant indicated that complainant then got out of the car and approached him with a knife. As the two men struggled, defendant was injured by the knife.

We find that the evidence supports a felonious assault charge.

However, this does not conclude our review of defendant's claim that the trial court erred in failing to give the instruction. The effect of a request made at the conclusion of the charging of the jury must now be determined.

GCR 1963, 516.1 states:

".1 Request for Instructions. At or before the close of the evidence, any party may, *or at any time the Court reasonably directs,* the parties shall file written requests that the court instruct the jury on the law as set forth in the request. A copy of such requested instructions shall be served on the adverse parties in accordance with Rule 107. The court shall inform counsel of its proposed action on the requests prior to their arguments to the jury, and, subject to the provision of subrule 516.3, shall instruct the jury after the arguments are completed. The court may make such comments on the evidence, the testimony, and the character of the witnesses as in its discretion the interests of justice require." (Emphasis added.)

The rule indicates that requests for instructions should come before the judge formally charges the jury or at a time the court directs. However, GCR 1963, 516.4 is instructive in showing that the rule

is flexible and that late requests may be given if, in the trial court's discretion, they will aid the jury in arriving at a just verdict.

GCR 1963, 516.4 provides:

".4 Additional Instruction. While the jury is deliberating the court may *in its discretion* further instruct the jury, in the presence of or after notice to counsel. Objections thereto shall be made in a motion for new trial." (Emphasis added.)

We do not, however, view the trial judge's response to the request for an instruction on felonious assault to be discretionary. First, we believe that the instruction was supported by the evidence. Also, apparently the jury had not begun its deliberations and could have been recalled and further instructed. Although we recognize by recalling the jury and giving but a single additional instruction, undue emphasis may be placed on the charge, we believe this possibility may be outweighed by possible prejudice to defendant if the charge is not given.

In 2 Honigman and Hawkins, Michigan Court Rules Annotated (2d ed), p 567, the authors' comments are instructive on the issue presented:

"8. If no requested instruction on a given point[7] has been submitted, but before the jury retires[7] an objection is made to the failure to include an instruction on the point in the charge to the jury, a more difficult question arises. Sub-rule 516.2 states that no party may assign as error 'the failure to give an instruction unless he objects thereto before the jury retires to consider the verdict'. Although an objection to the failure to give an instruction has been timely made within the literal wording of the rule, the question remains as to whether

---

[7] We note that in the instant case, although the jury had been sent to the jury room, deliberations had not commenced.

the validity of the objection depends upon the omitted instruction having been covered by a previous request. * * * if before the jury retires an objection is made to the failure to give instruction on a basic issue, even though not previously requested, the trial judge is obliged to remedy the omission, and his failure to do so may be assigned as error on appeal. If the omission to instruct is on a non-basic requirement, such as a failure to instruct the jury on a party's theory of the case or the failure to give some preliminary or cautionary instruction, the absence of an earlier request covering the omitted matter should preclude the party from claiming reversible error on appeal. See *Rogers v City of Detroit,* 1954, 340 Mich. 291, 65 N.W.2d 848."

Since the instruction regarding the lesser included offense of felonious assault was not covered by the trial court's other instructions, and since the requested instruction was on a basic issue, that being of what crime the defendant might be convicted, we are constrained to find that error occurred. The fact that the jury found defendant guilty of a lesser included offense, rather than the principal charge, indicates that the jury was willing to compromise on the verdict. Thus, we find that the trial court erred in failing to instruct the jury that there was an additional possible verdict, namely, the cognate offense of felonious assault.

In so ruling, we do not want to be understood as condoning the failure of defense trial counsel to make *timely* requests for jury instructions. In many circumstances, we would expect to hold that failure to make a *timely* request constituted a waiver of the right to receive a requested instruction. The record indicates no excuse for counsel's failure to make a timely request here. As indicated, only under the special circumstances of this case do we necessarily find that the possibility of prejudice to defendant in the jury's deliberations

outweighed the failure of counsel to make a timely request in conformance with the court rules.

The case, therefore, is remanded for entry of a conviction of felonious assault rather than assault with intent to do great bodily harm less than murder, and for resentencing. If the prosecutor chooses to do so, he may move for a new trial prior to resentencing.[8] Defendant's conviction of possession of a firearm in the commission of a felony is affirmed.

Because of our remand, we need not address defendant's contention that the trial court erred in sentencing him to a 15-year maximum on his assault with intent to commit great bodily harm less than murder conviction, although MCL 750.84; MSA 28.279 only calls for a ten-year maximum, as the resentencing should cure such error.

Affirmed in part; reversed in part and remanded.

---

[8] See, *People v Harris, supra,* at 139.