PEOPLE v GOLIDAY

Docket No. 87395. Submitted April 14, 1986, at Lansing. Decided July 7, 1986.

Thomas Goliday, Jr., was convicted of breaking and entering an occupied dwelling with intent to commit a larceny following a jury trial in Muskegon Circuit Court, Ronald H. Pannucci, J. Defendant appealed, and on appeal the Court of Appeals reversed the breaking and entering conviction on the basis of the trial court's failure to instruct the jury on certain lesser included offenses and remanded to the trial court for entry of a judgment of conviction of larceny in a building unless the prosecutor choose to retry defendant on the charged offense. Unpublished opinion per curiam, decided May 13, 1985 (Docket No. 72546). On remand the prosecutor elected not to retry the defendant and the trial court entered a conviction of larceny in a building, even though defendant objected to the procedure on the basis that he had not been tried and convicted of larceny in a building. Defendant appealed. *Held:*

1. Since the constitutional question raised in this appeal was not squarely before this Court in the prior appeal, the doctrine of law of the case is not applicable to the present proceedings.

2. Although larceny in a building is a cognate lesser included offense of breaking and entering an occupied dwelling with intent to commit larceny and involves the proof of elements not needed to sustain the breaking and entering conviction and due process requires that an accused be found beyond a reasonable doubt to have committed each element of a crime, the prior remand by the Court of Appeals in this case is not constitutionally infirm.

Affirmed.

1. APPEAL — LAW OF THE CASE.

A question of law decided by an appellate court will not be

REFERENCES

Am Jur 2d, Appeal and Error§§ 744-759, 931 *et seq.*

Am Jur 2d, Larceny §§ 49, 140 *et seq.*

What constitutes lesser offenses "necessarily included" in offense charged, under Rule 31(c) of Federal Rules of Criminal Procedure. 11 ALR Fed 173.

differently decided on a subsequent appeal in the same case where the facts remain materially the same.

2. APPEAL — LAW OF THE CASE.

The doctrine of law of the case is inapplicable where different questions of law are presented in prior and subsequent appeals.

3. LARCENY — LARCENY IN A BUILDING — LESSER INCLUDED OFFENSES — BREAKING AND ENTERING WITH INTENT TO COMMIT LARCENY.

Larceny in a building is only a cognate, not a necessarily included, lesser offense of breaking and entering with intent to commit larceny, since to prove the larceny the prosecutor must show a taking and carrying away of the property of another without the other's consent, elements not required to be proved for conviction of breaking and entering.

4. APPEAL — LESSER INCLUDED OFFENSES — LARCENY IN A BUILDING — BREAKING AND ENTERING WITH INTENT TO COMMIT LARCENY.

The Court of Appeals, upon finding that a trial court in a criminal case failed to properly instruct the jury, may properly order that a conviction for breaking and entering with intent to commit a larceny be reversed and order that the case be remanded for entry of a judgment of conviction of larceny in a building unless the prosecutor chooses to retry the defendant on the original charge, even though larceny in a building, a cognate lesser included offense of breaking and entering with intent to commit larceny, involves elements of proof not required for conviction for breaking and entering with intent to commit larceny.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Harold F. Closz, III,* Prosecuting Attorney, and *Gerald W. Gibbs,* Chief Trial Attorney, for the people.

*Marcus, Vander Ploeg & Ruck* (by *Douglas M. Hughes*), for defendant on appeal.

Before: ALLEN, P.J. and MacKENZIE and J. P. SWALLOW,* JJ.

ALLEN, P.J. Where an intermediate appellate court remands for entry of a judgment of conviction of a cognate lesser included offense which has

---

* Circuit judge, sitting on the Court of Appeals by assignment.

different elements from the offense of which defendant was convicted, does this deny defendant's constitutional right to a finding of guilt beyond a reasonable doubt on each element of the offense? In this Court (though not in the Supreme Court), the question raised is of first impression.

In January, 1983, a jury convicted defendant of breaking and entering an occupied dwelling with intent to commit larceny. MCL 750.110; MSA 28.305. Defendant then pled guilty to being a third felony offender. MCL 769.11; MSA 28.1083. The trial court sentenced defendant to from fifteen to thirty years in prison. Defendant appealed and this Court found error mandating reversal in the trial court's failure to instruct on larceny in a building and entering without breaking.[1] This Court reversed and remanded to the trial court for entry of a judgment of conviction of larceny in a building with an option for the prosecutor to retry defendant on the charged offense.[2]

---

[1] Unpublished opinion per curiam, decided May 13, 1985 (Docket No. 72546):

Defendant next argues that the trial court improperly refused to instruct the jury on the lesser included offenses of attempted breaking and entering, entering without breaking, and larceny in a building.

\* \* \*

We find, however, that the jury should have been instructed on the cognate lesser included offense of larceny in a building, MCL 750.360; MSA 28.592, and on the necessarily lesser included offense of entering without breaking, MCL 750.111; MSA 28.306. There was evidence on each of the elements of larceny in a building: 1) an actual or constructive taking, 2) an asportation, 3) with a felonious intent, 4) of someone else's property, 5) without that person's consent, 6) in a building. Therefore, if defendant had originally been charged with and then convicted of larceny in a building, the evidence would have been sufficient to convict. In addition, the court was required by *People v Ora Jones,* [395 Mich 379; 236 NW2d 461 (1975)] to instruct on entering without breaking, without regard to the evidence.

On remand the prosecutor elected not to retry the defendant. The trial court then entered a judgment of conviction of larceny in a building and third felony offender. Defendant objected to this procedure because he had not been tried and convicted of larceny in a building. The trial court sentenced defendant to from four years and three months to eight years in prison with credit for approximately three and one-half years. Defendant appeals as of right.

Defendant contends that entry of a conviction for larceny in a building violated his constitutional rights, including the right to have the prosecutor prove his guilt beyond a reasonable doubt. The prosecutor responds that this Court properly relied on *People v Haner,* 86 Mich App 280; 272 NW2d 627 (1978), which allows a trial court to enter a conviction on a lesser included offense in lieu of granting a new trial.

Neither party has mentioned the doctrine of law of the case. In *CAF Investment Co v Saginaw Twp,* 410 Mich 428, 454; 302 NW2d 164 (1981), reh den 411 Mich 1119 (1981), the Court described the effect of this doctrine as follows:

> [I]f an appellate court has passed upon a legal question and remanded the case for further proceedings, the legal questions thus determined by

---

2

The remedy for a trial court's erroneous failure to give a requested instruction on a lesser included offense is a remand by the appellate court to the trial court for entry of conviction of the lesser offense. See *People v Haner,* [86 Mich App 280; 272 NW2d 627 (1978)]. Larceny in a building is a felony punishable by a maximum term of four years. Entering without breaking is a felony punishable by up to five years imprisonment. Therefore, in this case, we remand to the trial court for entry of conviction of larceny in a building. We also direct the trial court to resentence defendant under the habitual offender statute. If the prosecution chooses, it may, upon proper notice, move for a retrial on the original charge.

the appellate court will not be differently determined on a subsequent appeal in the same case where the facts remain materially the same.

See also *People v Stinson,* 113 Mich App 719; 318 NW2d 513 (1982), lv den 417 Mich 957 (1983).

In the case at bar, the prior panel of the Court of Appeals specifically stated: "The remedy for a trial court's erroneous failure to give a requested instruction on a lesser included offense is a remand to the trial court for entry of conviction of the lesser offense." This appears to be a ruling on a legal issue similar to that presented in this case: What is the remedy for failure to instruct on a lesser offense which is supported by the evidence? But here the defendant has presented an additional claim, namely, that his constitutional rights are violated by entry of a conviction on a cognate offense with different elements, where the jury did not determine his guilt on the differing elements.

The doctrine of law of the case is inapplicable where different questions of law are presented in the first and second appeals. *People v Covington,* 132 Mich App 79; 346 NW2d 903 (1984), lv den 419 Mich 917 (1984), Our Court has also declined to apply the law of the case doctrine where the issue in the subsequent appeal was not squarely presented in the first appeal, *United States Fidelity & Guaranty Co v Liberty Mutual Ins Co,* 127 Mich App 365; 339 NW2d 185 (1983); *Cicelski v Sears, Roebuck & Co,* 132 Mich App 298; 348 NW2d 685 (1984), lv den 422 Mich 916 (1985), and where the discussion in the earlier appeal was dicta, *Cicelski, supra.* We hesitate to apply the doctrine of law of the case here, since the constitutional issue was not squarely before the Court or expressly decided by the Court in the earlier appeal.

In *People v Jenkins,* 395 Mich 440; 236 NW2d

503 (1975), the Court discussed the reasoning behind remanding for entry of a conviction of a lesser included offense. In *Jenkins,* the defendant was convicted of felony murder. The trial court had refused to instruct on the necessarily included lesser offense of second-degree murder. The Supreme Court found that the proper remedy was a reduction of the degree of the conviction instead of a new trial. The court reasoned that the elements of second-degree murder had been proven, and that the jury which returned a verdict of guilty of first-degree murder had necessarily found that defendant committed the lesser included offense of second-degree murder. 395 Mich 443.

This reasoning is inapplicable here, since larceny in a building is only a cognate, not a necessarily included, lesser offense of breaking and entering with intent to commit larceny. *People v Brager,* 406 Mich 1004; 280 NW2d 826 (1979); *People v Wise,* 134 Mich App 82; 350 NW2d 852 (1984); *People v Cavanaugh,* 127 Mich App 632; 339 NW2d 509 (1983). The two offenses contain different elements. To prove the larceny, the prosecutor must show the taking and carrying away of the property of another without the other's consent—elements not required to be proved for conviction of breaking and entering. See *People v Wilbourne,* 44 Mich App 376; 205 NW2d 250 (1973). In the case at bar the jury did not necessarily determine defendant's guilt of these elements beyond a reasonable doubt.

The due process clause of the Fourteenth Amendment guarantees the defendant the right not to be convicted except upon proof beyond a reasonable doubt of each essential element of the crime. *Jackson v Virginia,* 443 US 307; 99 S Ct 2781; 61 L Ed 2d 560 (1979); *In re Winship,* 397 US 358; 90 S Ct 1068; 25 L Ed 2d 368 (1970). Thus, in

this case we are presented with an apparent conflict between the defendant's due process rights and the procedural device which, as a remedy for the trial court's instructional error, avoids a retrial by reducing the degree of conviction.

Were this the first case to present this situation, we might well be constrained to reverse. However, we do not reverse because our Supreme Court, confronted with this situation on a number of occasions, has employed the remedy of remanding for entry of conviction on a cognate lesser included offense, with an option to the prosecutor to retry the defendant on the higher offense. The Supreme Court used this remedy in *Brager, supra,* where the same two offenses were involved—breaking and entering and larceny in a building. 406 Mich 1004, reversing 87 Mich App 321; 273 NW2d 925 (1978). The Supreme Court cited *People v Kamin,* 405 Mich 482, 496; 275 NW2d 777 (1979), and *People v Chamblis,* 395 Mich 408; 236 NW2d 473 (1975). *Kamin* and *Chamblis* did not consider whether this remedy violated the defendant's constitutional rights. In *Chamblis* the Supreme Court reinstated the defendant's conviction of larceny from the person which this Court had reversed, and in *Kamin* the Supreme Court affirmed defendant Kamin's conviction because there was no evidence on one element of the cognate offense.

Although the Supreme Court did not consider the constitutionality of entering a conviction on a cognate offense in *Kamin,* the Supreme Court did just that in two of *Kamin's* companion cases. In those cases the defendants were convicted of delivery of heroin and the Court, finding error in the trial court's refusal to instruct on the cognate lesser included offense of possession, remanded for entry of a conviction of possession, or for retrial at the prosecutor's discretion. The Court employed

this remedy even while recognizing that "[i]n a given case, sale may be found without possession." 405 Mich 497-498, quoting *People v Steward (On Rehearing),* 400 Mich 540, 548; 256 NW2d 31 (1977).

In several other decisions as well, the Supreme Court has remanded for entry of convictions of cognate offenses containing different elements than the offense the trier of fact found defendant had committed. See *People v Stephens,* 407 Mich 402, 406; 285 NW2d 664 (1979) (armed robbery reduced to larceny by conversion); *People v Van Wyck,* 402 Mich 266; 262 NW2d 638 (1978) (conviction for second-degree murder remanded to this Court with directions to reduce conviction to manslaughter if evidence supported manslaughter conviction); *People v Lank Thomas,* 399 Mich 826; 249 NW2d 867 (1977) (first-degree murder conviction reduced to manslaughter). Our Court has done the same. E.g., *People v Vinson,* 93 Mich App 483; 287 NW2d 274 (1979) (conviction of assault with intent to commit great bodily harm less than murder reduced to felonious assault); *People v Parney,* 98 Mich App 571; 296 NW2d 568 (1979) (second-degree murder reduced to manslaughter); *People v Hansma,* 84 Mich App 138; 269 NW2d 504 (1978) (felony murder reduced to manslaughter); *People v Harris,* 82 Mich App 135; 266 NW2d 477 (1978) (defendant charged with armed robbery and convicted of larceny from a person; Court reduced conviction to unlawfully driving away an automobile); *People v Bryant,* 80 Mich App 428; 264 NW2d 13 (1978) (unarmed robbery reduced to assault and battery). In only one such case has our Court alluded to any possible impropriety with this remedy. In *People v Harris, supra,* the panel stated:

> While ordinarily it would be improper for this Court to speculate on the verdict the jury would have returned had it been properly instructed on cognate offenses, on the particular facts of this case, the jury must have found defendant guilty of all the elements of UDAA to convict him of larceny from a person. [82 Mich App 139.]

Although the instant case does not present a situation factually analogous to *Harris,* i.e., the jury need not have found defendant guilty of all elements of larceny in a building in order to have convicted him of breaking and entering, we decline to disturb the conviction entered by the trial court. This is because the Supreme Court has employed the same remedy repeatedly, without any hint that it is unconstitutional. We believe that any declaration of unconstitutionality should come from the Supreme Court and not this Court. In addition, since the trial court was merely following the express directions of the prior panel when it entered a judgment of conviction of larceny in a building, we cannot say that the trial court committed error. Consequently, we affirm the defendant's conviction.

Affirmed.