**Michigan Supreme Court**
**Lansing, Michigan 48909**

# Opinion

Chief Justice
Maura D. Corrigan

Justices
Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Clifford W. Taylor
Robert P. Young, Jr.
Stephen J. Markman

FILED APRIL 17, 2001

PEOPLE OF THE STATE OF MICHIGAN,

    Plaintiff-Appellee,

v                                            No. 115665

HEATHER ANNE BEARSS,

    Defendant-Appellant.

_____

BEFORE THE ENTIRE BENCH

KELLY, J.

After reversing defendant's conviction for obtaining money by false pretenses,[1] the Court of Appeals remanded this case to the trial court with instructions to enter judgment on a cognate offense. We granted leave to consider the constitutionality of this remedy. After deliberation, we find that the appellate court's directed verdict violates the Due Process Clause of the Fourteenth Amendment to the United

---

[1]MCL 750.218; MSA 28.415.

States Constitution.  US Const, Am XIV.

I

Defendant Heather Anne Bearss and her friend, Tiffany Ruppert, visited Glen's Market and Horizon Video in the Petoskey area. The two women selected a substantial quantity of merchandise from each store and paid with checks written by Ms. Ruppert and drawn against her bank account.

The next day, Ms. Ruppert reported that the checks had been lost or stolen. The police investigated and questioned both Ms. Ruppert and defendant. Ms. Ruppert confessed her role in the transactions, agreeing to testify against defendant in exchange for a plea agreement.

Defendant was charged with two counts of taking over $100 by false pretenses. At the jury trial, Ms. Ruppert testified that she and defendant mutually had devised the plan to write checks for merchandise,  report them as stolen, and then stop payment on them. She told the jury that, after they made their purchases, they went to defendant's home where defendant's boyfriend burned the carbon copies of the checks. According to Ms. Ruppert, defendant knew that Ms. Ruppert planned to report the checks lost or stolen. She testified that the two women wrote the checks in order to obtain merchandise without paying for it.

The court instructed the jury on the elements of false pretenses over $100, as well as those of the cognate offense

2

of writing three nonsufficient funds checks within ten days. MCL 750.131a(2); MSA 28.326(1)(2). The jury found defendant guilty of one count of taking by false pretenses over $100.

Defendant appealed. The Court of Appeals reversed her conviction, finding insufficient evidence to support a conviction of taking by false pretenses. Unpublished opinion per curiam, issued July 16, 1999 (Docket No. 209568), pp 2-3.[2] The panel remanded the case to the trial court, instructing it to enter a judgment of conviction for writing three nonsufficient funds checks in a ten-day period. The prescribed term of imprisonment for this crime is less than that for obtaining money by false pretenses.

Judge Murphy wrote separately. He raised concerns over the constitutionality of remanding with instructions to enter a judgment of conviction on a cognate offense. The jury, he noted, never determined that defendant was guilty of the lesser charge. The offense of writing three nonsufficient funds checks within a ten-day period has several elements differing from those of the false pretenses offense. Judge Murphy opined that the Court of Appeals remedy encroached on defendant's right not to be convicted except upon proof beyond a reasonable doubt of committing the crime charged, citing *In*

---

[2]The prosecutor did not appeal from the Court of Appeals finding that insufficient evidence of taking by false pretenses had been presented at trial. Thus, we have no occasion to review that ruling today.

*re Winship*, 397 US 358; 90 S Ct 1068; 25 L Ed 2d 368 (1970), and *People v Goss*, 446 Mich 587, 596; 521 NW2d 312 (1994).

Despite his reservations, Judge Murphy joined his colleagues in remanding the case for entry of judgment on the cognate offense. He did so because this Court had employed the same remedy in several cases.[3] If the remedy is unconstitutional, Judge Murphy felt, it is this Court rather than the intermediate appellate court that should make that decision.[4]

We granted leave to determine whether an appellate court may instruct a trial court to enter judgment on a cognate offense on which a jury did not render a verdict. We find that the appellate court's practice in this case was unconstitutional.

## II

The crimes of writing three nonsufficient funds checks within ten days is a cognate offense of taking by false

---

[3]Judge Murphy cited the following cases where the Michigan Supreme Court remanded for entry of conviction on a lesser charge: *People v Brager*, 406 Mich 1004; 280 NW2d 826 (1979), *People v Kamin*, 405 Mich 482; 275 NW2d 777 (1979), *People v Van Wyck*, 402 Mich 266; 262 NW2d 638 (1978), and *People v Thomas*, 399 Mich 826; 249 NW2d 867 (1977).

[4]A previous panel of the Court of Appeals similarly questioned the constitutionality of remanding for entry of judgment on a cognate offense. *People v Goliday*, 153 Mich App 29, 35-37; 394 NW2d 476 (1986). Like Judge Murphy, the judges in *Goliday* declined to find unconstitutional a practice this Court had previously employed. The parties in *Goliday* did not seek leave from this Court to appeal from the ruling.

pretenses over $100.[5] This Court has characterized cognate offenses as "allied offenses of the same nature." *People v Jones*, 395 Mich 379, 387; 236 NW2d 461 (1975). A cognate offense has some elements in common with the charged offense. It also has elements not found in the charged offense. *Id.*

By contrast, all the elements of a necessarily considered lesser offense are contained within those of the greater offense. Thus, "it is impossible to commit the greater without first having committed the lesser." *Id.*, citing 4 Wharton, Criminal Law & Procedure, § 1799.

The elements of taking by false pretenses are:

(1) a false representation as to an existing fact; (2) knowledge by the [accused] of the falsity of the representation; (3) use of the false representation with an intent to deceive; and (4) detrimental reliance on the false representation by the victim. [*In re People v Jory (Genesee Prosecutor v Genesee Circuit Judge)*, 443 Mich 403, 412; 505 NW2d 228 (1993).]

The elements of writing three nonsufficient funds checks within ten days, as found in the standard jury instructions, are: The accused (1) wrote three separate checks, drafts, or money orders within ten days; (2) did not have sufficient funds available in the bank to cover them; (3) knew that he did not have sufficient funds available; and (4) when he

---

[5]A cognate offense may or may not carry smaller penalties than those of the crime charged. Today's opinion applies to all offenses that may be characterized as cognate offenses of the offense charged, not merely "lesser cognate offenses."

5

wrote or delivered each of the checks, drafts, or money orders, intended to defraud or cheat someone. See CJI2d 29.8.

It is possible to commit the crime of taking by false pretenses without writing three nonsufficient funds checks within a ten-day period. Hence, the offense of writing nonsufficient funds checks is not necessarily included within the offense of taking by false pretenses. Both offenses involve an intent to defraud someone; therefore they are cognate offenses.

This Court discussed necessarily included lesser offenses and cognate lesser offenses in *People v Chamblis*, 395 Mich 408; 236 NW2d 473 (1975).[6] *Chamblis* considered whether a trial judge may instruct a jury about lesser offenses on its own motion. We held that the late addition of a charge of a necessarily included lesser offense does not infringe a defendant's right to due process. *Id.* at 417. The ability to defend against the prosecutor's charges is not impaired, since the accused is required to defend against the same evidence as when charged with only the greater offense.

---

[6]In *People v Robert Stephens*, 416 Mich 252, 260-261; 330 NW2d 675 (1982), this Court overruled *Chamblis* in part on grounds unrelated to the present case. Specifically, we overruled *Chamblis'* adoption of the "misdemeanor cutoff rule," which provided that a jury should be instructed on lesser included offenses if the evidence supported them. If the charged offense is punishable by incarceration for over two years, the rule continued, a court may not instruct on lesser included offenses carrying sentences under one year. See *Chamblis, supra* at 429.

However, the addition of a cognate offense may require an accused to present additional or different defenses to rebut the evidence the prosecutor offers on the additional elements. *Id.* at 418. Due process concerns may arise if the judge, alone, decides to instruct the jury on a cognate offense.

*Chamblis* illustrates the constitutional difficulties that arise when cognate offenses are equated with necessarily included lesser offenses. The remedy under consideration in this case activates those difficulties. It fails to recognize that the prosecutor was obliged to prove different elements in order to obtain a conviction of the cognate offense.

## III

The state may not "deprive any person of life, liberty or property, without due process of law . . . ." US Const, Am XIV. In serious criminal cases, a trial by jury is guaranteed. US Const, Am VI. The Sixth Amendment right to a jury trial is protected by the Fourteenth Amendment, and thus, applies to the states. *Duncan v Louisiana*, 391 US 145, 156; 88 S Ct 1444; 20 L Ed 2d 491 (1968).

Together, the Sixth and Fourteenth Amendments "indisputably entitle a criminal defendant to 'a jury determination that [he] is guilty of every element of the crime with which he is charged, beyond a reasonable doubt.'" *Apprendi v New Jersey*, 530 US 466, ___; 120 S Ct 2348, 2356; 147 L Ed 2d 435 (2000). In cases where the defendant invokes

7

the right to a trial by jury, "the jury, not the judge, renders the verdict." *People v Duncan*, 462 Mich 47, 54; 610 NW2d 551 (2000).[7]

The remedy employed by the Court of Appeals in this case runs afoul of these constitutional principles. As discussed above, cognate offenses contain elements not found in the charged offense. When a jury has rendered a verdict on the charged offense, it has not necessarily rendered one on a cognate offense. It may have left the additional elements of the cognate offense unaddressed.

In the case under consideration, the Court of Appeals effectively directed a guilty verdict on the additional elements of the cognate offense. A court may not direct a verdict of guilty, either in whole or in part. *Goss, supra* at 596-597, ns 12 & 13. Although the jury convicted defendant of taking by false pretenses, an appellate court may not assume that the jury would have found her guilty of an offense comprised of different elements.

For example, the offense of writing nonsufficient funds checks within ten days requires a finding that the defendant knew sufficient funds were not available in the account. The

_____

[7]*Duncan* found structural error requiring reversal when a jury was not instructed regarding any of the elements of the crime charged. *Id.* at 54. When a jury is not informed of any of the elements, it cannot fulfill its function of rendering a reliable verdict. *Id.* at 54-55.

8

offense of taking by false pretenses does not require this element. Did defendant know that the account did not contain sufficient funds? Since the jury never ruled on the cognate offense, we do not know if it discounted her claim that she did not know and favored Ms. Ruppert's testimony that she did. The jury easily could have based its verdict on evidence of defendant's plan to falsely report the checks as stolen and stop payment. The Due Process Clause requires that the trier of fact, rather than an appellate court, decide whether defendant knew that the account lacked sufficient funds.

## IV

The constitutional analysis differs when the lesser offense is one necessarily included within the greater. See *Chamblis, supra.* Unlike a verdict on a cognate offense, a jury's verdict regarding a necessarily included lesser offense always is encompassed in the verdict on the greater offense. Thus, our opinion today does not impede an appellate court from remanding for entry of judgment of a necessarily included lesser offense. The United States Supreme Court has approved the use of this remedy in cases "when a conviction for a greater offense is reversed on grounds that affect only the greater offense." *Rutledge v United States*, 517 US 292, 306; 116 S Ct 1241; 134 L Ed 2d 419 (1996).

In the past, we have remanded for entry of conviction on a lesser cognate offense. Five cases in which that occurred are *People v Billy Stephens*, 407 Mich 402; 285 NW2d 664 (1979), *People v Brager*, 406 Mich 1004; 280 NW2d 826 (1979), *People v Kamin*, 405 Mich 482; 275 NW2d 777 (1979), *People v Van Wyck*, 402 Mich 266; 262 NW2d 638 (1978), and *People v Thomas*, 399 Mich 826; 249 NW2d 867 (1977). However, all five cases are distinguishable.[8]

In each of them, the trial court failed to give a requested instruction on a cognate lesser offense. The jury returned a guilty verdict on a greater offense for which there was sufficient evidence. The appellate court determined that the failure to instruct was error, and remanded for entry of a conviction on the cognate lesser offense, a remedy that had been requested. Given the juries' findings of guilt on the greater offenses, the defendants in those cases could not argue plausibly that the juries' consideration of the cognate lesser offenses would have led to acquittals.

Conversely, in the instant case, the appellate court's remedy cannot fairly be said to have benefited defendant. Where, as here, a conviction on the greater offense was secured on insufficient evidence, a defendant might argue

_____

[8]Because they are distinguishable, we make no comment on their continued viability.

persuasively that the jury might have acquitted on the cognate offense, as well.   To permit appellate courts to direct a conviction on cognate offenses is to invite violations of the right to a jury determination of every element of the crime charged. Hence, we find these five cases inapposite.

Conclusion

Before today, we have not taken the occasion to address the constitutionality of directing convictions on cognate offenses when insufficient evidence of the charged offense had been admitted at trial. In light of our analysis, we now disavow the practice with rare exceptions.  We hold that, if an appellate court determines that insufficient evidence was presented to support a conviction, it may not direct a conviction on a cognate offense on remand unless (1) there was sufficient evidence to support a conviction of the lesser offense and (2) the appellate court can unequivocally state that the jury's verdict must have included a specific finding of every element necessary to support a conviction of the cognate offense.[9]

We reverse the judgment of the Court of Appeals in part. The prosecutor did not appeal from the Court of Appeals determination that there is insufficient evidence to support

---

[9]To the extent that *People v Chappelle*, 114 Mich App 364; 319 NW2d 584 (1982), conflicts with our holding today, it is overruled.

the jury's verdict on the charge of taking by false pretenses. Therefore, we leave that aspect of the opinion intact. We vacate the instruction to the trial court to enter a judgment of conviction on the lesser cognate offense of writing three nonsufficient funds checks within a ten-day period. The matter is remanded to the trial court for further proceedings consistent with this opinion.

CORRIGAN, C.J., and CAVANAGH, WEAVER, TAYLOR, YOUNG, and MARKMAN, JJ., concurred with KELLY, J.