# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellant,

v

MAHER WAAD,

Defendant-Appellee.

UNPUBLISHED
May 31, 2016

No. 326568
Macomb Circuit Court
LC No. 2014-004686-FH

Before: GADOLA, P.J., and SERVITTO and SHAPIRO, JJ.

PER CURIAM.

The prosecution appeals as of right the circuit court's order quashing the information and bindover of defendant on one count of conducting a criminal enterprise (racketeering), MCL 750.159i(1), and four counts of false pretenses, $1,000 or more but less than $20,000, MCL 750.218(4)(a). Defendant was also charged with two misdemeanors—false pretenses, $200 or more but less than $1,000, or an alternative count of false pretenses, $1,000 or more but less than $20,000 (aggregated value), MCL 750.218(4)(a), which would have followed the felony charges to the circuit court. We affirm the circuit court's order.

Defendant is the sole owner of Marks One Collision. In September 2013, three Farmers Insurance investigators met with police officers from the Macomb Auto Theft Squad (MATS). The investigators notified MATS that they would be conducting inspections on some of their insureds' cars that had been repaired at Marks One Collision because Farmers had information concerning repair discrepancies that might amount to fraud. In October 2013, the investigators visited several Farmers Insurance customers who had their cars repaired at Marks One Collision for vehicle repair insurance claims. Investigators inspected nine vehicles, and subsequently produced a report of their findings detailing discrepancies between particular line items in the insurance estimates issued by Farmers Insurance, and the repairs actually performed by Marks One Collision.

A complaint and warrant was issued against defendant, and a preliminary examination was conducted in district court over the course of four days. At the conclusion of the preliminary examination, the district court issued an opinion and order binding defendant over to the circuit court for trial.

Defendant filed a motion to quash, which the circuit court granted. The circuit court held that the district court had abused its discretion in binding defendant over to the circuit court for

-1-

trial and thus ordered that the information be quashed and the case against defendant be dismissed. This appeal followed.

A district court's decision to bind a defendant over to circuit court for trial, and a circuit court's grant of a motion to quash, are both reviewed for abuse of discretion. *People v Szabo*, 303 Mich App 737, 740-741; 846 NW2d 412 (2014). A court "abuses its discretion when its decision falls outside the range of reasonable and principled outcomes." *People v Waterstone*, 296 Mich App 121, 131-132; 818 NW2d 432 (2012). This Court gives no deference to the circuit court's decision regarding a bindover order because both this Court and the circuit court are reviewing the district court's decision for an abuse of discretion. *People v Hudson*, 241 Mich App 268, 276; 615 NW2d 784 (2000).

" 'The purpose of a preliminary examination is to determine whether there is probable cause to believe that a crime was committed and whether there is probable cause to believe that the defendant committed it.' " *People v Cohen*, 294 Mich App 70, 74; 816 NW2d 474 (2011), quoting *People v Perkins*, 468 Mich 448, 452; 662 NW2d 727 (2003), citing MCR 6.110. The probable cause standard is satisfied when there is "evidence sufficient to cause a person of ordinary prudence and caution to conscientiously entertain a reasonable belief of the accused's guilt." *Hudson*, 241 Mich App at 277. The prosecution must show probable cause of each element of the charged crime by presenting evidence either directly establishing probable cause or from which probable cause may be inferred. *Id*. at 278. Any inferences a court makes must be reasonable. See, e.g., *People v Greene*, 255 Mich App 426, 444; 661 NW2d 616 (2003)("Circumstantial evidence and *reasonable* inferences arising from the evidence are sufficient to support the bindover of the defendant if such evidence establishes probable cause" (citation omitted)(emphasis added)).

In this case, the predicate charges for the racketeering charge are four counts of larceny of at least $1,000 by false pretenses. Regarding the meaning of "false pretense," the statute provides:

> As used in this section, "false pretense" includes, but is not limited to, a false or fraudulent representation, writing, communication, statement, or message, communicated by any means to another person, that the maker of the representation, writing, communication, statement, or message knows is false or fraudulent. The false pretense may be a representation regarding a past or existing fact or circumstance or a representation regarding the intention to perform a future event or to have a future event performed. [MCL 750.218(11).]

To establish false pretenses, in general, the prosecution must show: "(1) a false representation as to an existing fact; (2) knowledge by [the accused] of the falsity of the representation; (3) use of the false representation with an intent to deceive; and (4) detrimental reliance on the false representation by the victim." *People v Bearss*, 463 Mich 623, 627; 625 NW2d 10 (2001).

The district court concluded that probable cause regarding the first element was satisfied by the testimony of the car owners at the preliminary examination:

The testimony of the car owners or insured parties indicated consistently that false representations were made to them through the advertising and representations made by agents or representatives of Marks One Collision that their vehicles would be repaired in a professional manner, in accordance with their policy and standards of the industry, in some cases their deductible(s) would be waived and/or they would be given a free loaner vehicle by the shop in exchange for their insurance repair. In other cases, the alleged victims paid their deductible to Defendant's business and rented a vehicle at their own expense.

The record does not support this finding. Four car owners testified at the preliminary examination. Not one of the four testified that agents or representatives of Marks One represented to them that "their vehicle would be repaired in a professional manner, in accordance with their policy and standards of the industry." And, no witness testified that defendant (or anyone else at his shop) represented that their car would be repaired according to the insurance estimate. Instead, the testimony established that defendant did not make *any* statement to *any* of the alleged victims about how their cars would be fixed. And, in fact, all four car owners testified to being happy with the repairs made by Marks One.

Notably, only one of the four car owners testified to having met with defendant at all concerning the car repairs to be made and she provided no testimony concerning any false representations allegedly made by defendant. Even if the other car owners had testified that agents of Marks One had made false representations to them and assuming, without deciding, that defendant, as owner of Marks One could be held vicariously liable, criminally, for the actions of Marks One agents, the district court specifically opined that "the prosecutor failed to present any testimony or documentary evidence that the Defendant had actual knowledge of the facts and events that are the subject of these charges." The district court thus acknowledged that the second essential element of false pretenses (*Bearss*, 463 Mich at 627) had not been shown. The district court also acknowledged that "the prosecutor failed to present any testimony or documentary evidence that the Defendant had any intent to deceive or the alleged victims detrimentally relied on the alleged 'false representation.' " The third and fourth elements of false pretenses had therefore also not been established. *Bearss*, 463 Mich 623 at 627. While the district court indicated that it was "inferring" defendant's role in the charged crimes based upon other testimony, the court's inferences were not reasonable (see *Greene*, 255 Mich App at 444), in light of the evidence presented.

The prosecution argues that, "[i]n each incident, the false representation is that Defendant's collision shop is going to repair the victim's vehicle in accordance with the estimate of damages that was negotiated by Marks One with the Farmers insurance adjuster." This is the full extent of the prosecution's argument regarding the first element, and it is made without citation to legal authority. It is also belied by the testimony at the preliminary examination. The prosecution does not and cannot direct this Court to any such representation by any Marks One representative, including defendant. Lacking the same, the prosecution did not carry its burden at the preliminary examination.

Because we find that the prosecution failed to establish probable cause supporting the first element of this crime, on which all remaining elements depend, we hold that the district

-3-

court abused its discretion in binding defendant over for trial on the charges, and that the circuit court did not err in quashing the information and dismissing the charges against defendant.

Affirmed.

/s/ Michael F. Gadola
/s/ Deborah A. Servitto
/s/ Douglas B. Shapiro