# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellee,

v

ISRAEL CRUMPTON,

       Defendant-Appellant.

UNPUBLISHED
May 19, 2016

No. 325638
Wayne Circuit Court
LC No. 14-007113-FH

Before: MURPHY, P.J., and CAVANAGH and RONAYNE KRAUSE, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial convictions of possession with intent to deliver 50 to 449 grams of cocaine, MCL 333.7401(2)(a)(*iii*), and possession of 50 to 449 grams of cocaine, MCL 333.7403(2)(a)(*iii*).[1] Defendant was sentenced to concurrent terms of 10 to 20 years' imprisonment. We vacate defendant's convictions and sentences and remand for entry of judgment on convictions for necessarily included lesser offenses and for resentencing.

On July 9, 2014, Detroit police officers arrived at a house after receiving a tip from an informant a few days earlier that drugs were being sold at the home. From outside the house, the police observed a man standing on the front porch of the home. One officer detained the individual and searched him for narcotics. After determining that he was not in possession of drugs, the man was allowed to go. As he was leaving, defendant suddenly exited the front door of the home and stepped outside. Upon seeing the officers, defendant threw a bag containing cocaine on the ground and fled into the home. The bag contained seven smaller Ziploc bags with cocaine, indicating that the cocaine was packaged for sale. As will be explained below, it is this

---

[1] The judgment of sentence provided that, along with being convicted of possession with intent to deliver 50 to 449 grams of cocaine, which was correct, defendant was also convicted of possession with intent to deliver 50 to 449 grams of heroin, which was not accurate. Rather, as reflected in the amended felony information, the jury verdict form, the trial transcript, and the presentence investigation report (PSIR), defendant was convicted of simple possession of 50 to 449 grams of cocaine, along with possession with intent to deliver 50 to 449 grams of cocaine; each of these two counts pertained to separate discoveries of cocaine, as will be explained below.

cocaine that served as the basis of count 1 of the amended felony information, i.e., possession with intent to deliver 50 to 449 grams of cocaine.

As defendant ran into the home, he yelled for his codefendant to run. The police quickly apprehended defendant inside the house close to the entrance. An officer then conducted a search of defendant and discovered another bag of cocaine in defendant's pants pocket. As will be explained below, it is this cocaine that served as the basis of count 2 of the amended felony information, i.e., possession of 50 to 449 grams of cocaine. A police officer observed the codefendant in the living room of the home and apprehended him as well. The police then conducted a search of the house. In the living room, police discovered cocaine on a makeshift table, a vial of heroin next to the cocaine, and, on the floor beneath the table, ecstasy pills. The cocaine, heroin, and ecstasy pills found on or under the living room table served as the basis of three charges brought against the codefendant, not our defendant. The codefendant was acquitted by the jury of the cocaine and heroin charges, and the trial court granted him a directed verdict on the charge related to the ecstasy pills.

In the prosecutor's opening statement and closing argument, she set forth the theories regarding which drugs pertained to which defendant and which charges. With respect to our defendant, the prosecutor remarked in her opening statement:

But kind of to put it simply what I have to prove here is that defendant number one, Mr. Israel Crumpton, possessed cocaine, and he intended to sell that cocaine, *and that he also possessed some cocaine that he just had on him. He was just possessing that*. [Emphasis added.]

In the prosecutor's closing argument, she stated:

But simply put what I have to show here today starting with defendant number one, Mr. Crumpton, is that Mr. Crumpton possessed cocaine. That he *also* possessed cocaine with the intent to deliver that cocaine.

The cocaine that defendant plans to sell was the sandwich bag filled with seven ziplocks of cocaine that he dropped on to the porch. *That's the cocaine he wanted to sell, the cocaine that was in his hand that he dropped when he saw the officers*. The cocaine that Mr. Crumpton had in his possession was the cocaine that they found in his right pants pocket.

The only reasonable construction of the prosecutor's opening statement and closing argument is that count 1, possession with intent to deliver cocaine, was based on the bag of cocaine that defendant discarded on the porch, which contained the seven Ziplock bags, and that count 2, simple possession of cocaine, was predicated on the bag of cocaine found in defendant's

pocket.[2]  Indeed, the two-count amended felony information would be nonsensical unless two separate amounts or quantities of cocaine attributable to defendant were at issue.  In the jury instructions, while the trial court did not set forth the prosecution's theory with respect to each count, the court did instruct the jurors that they had to render verdicts on two separate charges relative to defendant, one pertaining to simple possession of cocaine and one pertaining to possession of cocaine with intent to deliver.  The jury was read the elements of each crime.  The jury verdict form indicated that the jurors found defendant guilty on count 1 (possession with intent to deliver) and guilty on count 2 (simple possession).

On appeal, this panel entered an order granting defendant's motion to file a supplemental brief in which he argues that the cocaine found in his pocket that formed the basis of the simple possession charge (count 2) amounted to, *per stipulation*, 17.879 grams; therefore, there was insufficient evidence to support the cocaine possession conviction, as the possession charge concerned 50 to 449 grams of cocaine.[3]

On review of the testimony of the officers who gathered the drugs from the scene, the testimony of a laboratory technician with the Detroit Police Department, the laboratory report prepared by the Michigan State Police, which was admitted into evidence, and the stipulation placed on the record by the prosecutor, which entailed her reading from the state police lab report, along with cross-referencing evidence identification numbers as testified to by the

---

[2] At this point, we note the obvious, which is that the same cocaine could not have been considered by the jury for purposes of both convictions, e.g., the cocaine in defendant's pants pocket could not have served as the basis for the mere possession conviction *and* the separate conviction of possession with intent to deliver cocaine, see *People v Smith*, 478 Mich 292; 733 NW2d 351 (2007) (addressing double jeopardy in regard to multiple punishments), nor did the prosecutor present the case in such a manner.

[3] We review de novo the issue regarding whether there was sufficient evidence to sustain a conviction.  *People v Lueth*, 253 Mich App 670, 680; 660 NW2d 322 (2002).  In reviewing the sufficiency of the evidence, this Court must view the evidence – whether direct or circumstantial – in a light most favorable to the prosecutor and determine whether a rational trier of fact could find that the essential elements of the crime were proved beyond a reasonable doubt.  *People v Reese*, 491 Mich 127, 139; 815 NW2d 85 (2012); *People v Hardiman*, 466 Mich 417, 428; 646 NW2d 158 (2002).  A jury, and not an appellate court, observes the witnesses and listens to their testimony; therefore, an appellate court must not interfere with the jury's role in assessing the weight of the evidence and the credibility of the witnesses.  *People v Wolfe*, 440 Mich 508, 514-515; 489 NW2d 748 (1992).  Circumstantial evidence and the reasonable inferences that arise from such evidence can constitute satisfactory proof of the elements of the crime.  *People v Carines*, 460 Mich 750, 757; 597 NW2d 130 (1999).  The prosecution need not negate every reasonable theory of innocence, but need only prove the elements of the crime in the face of whatever contradictory evidence is provided by the defendant.  *People v Nowack*, 462 Mich 392, 400; 614 NW2d 78 (2000).  We resolve all conflicts in the evidence in favor of the prosecution. *People v Kanaan*, 278 Mich App 594, 619; 751 NW2d 57 (2008).

witnesses, it becomes evident that the 17.879 grams of cocaine referenced by defendant in his supplemental brief pertained to the cocaine on the living room table for which the *codefendant* was charged. Further, our review of the above evidence indicates that the cocaine discarded by defendant outside the house (one large bag with seven Ziplock bags therein – count 1) and the cocaine found in defendant's pocket once he was inside the house (one bag – count 2) *was all weighed together*, amounting to 60.501 grams of cocaine; there apparently were no separate weight measurements taken or given. The jury was not presented with evidence specifically identifying the weight of the cocaine in defendant's pants pocket or the weight of the cocaine that defendant discarded outside the house.

Under these circumstances, it was impossible for the jury to ascertain the weight of the cocaine that served as the basis of the simple possession charge, and it is certainly clear from the record that 100 or more grams of cocaine (50 gram minimums for two counts) were not found by the police, even if you included the cocaine attributed to the codefendant. The evidence was insufficient to support the cocaine possession charge, count 2, as brought and framed by the prosecution because of the problematic issue concerning the weight of the cocaine found in defendant's pocket. That said, the failure to submit evidence separately showing the weight of the cocaine discarded by defendant outside the house and the cocaine found in defendant's pocket additionally calls into question the conviction under count 1, as it is not clear how much the bag of cocaine with the seven baggies therein weighed; perhaps it was less than 50 grams or perhaps it was more.[4] While defendant does not challenge the sufficiency of the evidence with respect to count 1, this can only be blamed on appellate counsel's failure to appreciate the true nature of the evidence concerning the weight of the cocaine. We are compelled to acknowledge the insufficiency of the evidence regarding count 1, choosing not to ignore the plain and obvious defect in the evidence.

A possibility existed that, by way of example, the cocaine discarded outside the house weighed 45 grams and that the cocaine found in defendant's pocket weighed 15.501 grams; such a situation would undermine both verdicts. We therefore vacate both of defendant's convictions. However, this does not mean that defendant is entitled to walk away free. It cannot reasonably be disputed that the two quantities of cocaine each necessarily had a weight exceeding zero grams. We therefore conclude that the appropriate remedy is to remand the case for entry of judgment on convictions for possession with intent to deliver less than 50 grams of cocaine (discarded cocaine – count 1), MCL 333.7401(2)(a)(*iv*), and for possession of less than 25 grams of cocaine (cocaine in pocket – count 2), MCL 333.7403(2)(a)(*v*). See *People v Bearss*, 463 Mich 623, 631; 625 NW2d 10 (2001) ("[O]ur opinion today does not impede an appellate court from remanding for entry of judgment of a necessarily included lesser offense."), citing *Rutledge v United States*, 517 US 292, 306; 116 S Ct 1241; 134 L Ed 2d 419 (1996) (appellate courts may

---

[4] Given that all of the cocaine connected to defendant was weighed together and apparently never weighed separately as between the discarded cocaine and the pocket cocaine, we fail to understand why the prosecution proceeded to charge defendant with two distinct counts, which required identification of the weight of each grouping of cocaine.

direct entry of judgment on a necessarily included lesser offense when the conviction on a greater offense is reversed on sufficiency grounds that only affect the greater offense). The evidence plainly supported convictions for these necessarily included lesser offenses.

We note that at oral argument the prosecutor and defendant appeared to agree that, given the problematic nature of the case, count 2 on mere possession should be vacated, but count 1 on possession with intent to deliver should stand, considering that there was testimony that the cocaine in defendant's pants pocket would support a conclusion that he also intended to deliver that cocaine and that the jury's verdict reflected a finding that defendant possessed all 60.501 grams of cocaine with intent to deliver. We cannot and will not honor that agreement. Given the structure of the two counts as listed in the amended felony information, the prosecutor's theory as to each count and expressly argued to the jury, and the separate jury instructions on the elements of each independent crime, the jury was never asked to determine whether the cocaine in defendants' pants pocket was possessed *with intent to deliver*. If we accepted the agreement of counsel at oral argument and allowed count 1 to stand, we would be acting as the jury, effectively finding that defendant possessed the cocaine in his pocket with an intent to deliver it, an issue never reached by the jury.[5]

Next, the remand remedy is to also include resentencing. We do note that possession with intent to deliver less than 50 grams of cocaine is punishable by not more than 20 years' imprisonment, MCL 333.7401(2)(a)(*iv*), which is the same punishment provided for with respect to possession with intent to deliver 50 to 449 grams of cocaine, MCL 333.7401(2)(a)(*iii*), as well as mere possession of 50 to 449 grams of cocaine, MCL 333.7403(2)(a)(*iii*). Our ruling does, however, affect the scoring of the sentencing guidelines. See MCL 777.45 (offense variable 15). And simple possession of less than 25 grams of cocaine is only a four-year felony. MCL 333.7403(2)(a)(*v*).

Defendant next argues that the trial court erred when it denied his motion to suppress the evidence where the search of the house violated the Fourth Amendment. With respect to the cocaine discarded by defendant after he had *exited the house* and before the police had entered the home, the search of the house is irrelevant. The Fourth Amendment was not implicated or violated with respect to the discarded cocaine found outside the home. See *People v Tierney*,

---

[5] A more logical agreement would have involved sustaining only the simple possession conviction, because we know that the jury found, at a minimum, that defendant possessed both the cocaine in his pocket and the cocaine discarded on the porch. We had contemplated that approach in formulating a remedy; however, that approach would have ultimately entailed this panel (judiciary) effectively restructuring the charges in a manner that differed from the choice made by the prosecution (executive) and that differed from how the case was actually presented to the jury. With respect to the jury's finding that the weight elements of the offenses had been proven, we surmise that because of the stipulation regarding weight and the absence of any dispute or arguments by the attorneys regarding weight, the jury may have believed that weight was a nonissue.

266 Mich App 687, 694-704; 703 NW2d 204 (2005). In regard to the cocaine found in defendant's pocket, we cannot help but question whether an exigent-circumstances exception to the warrant requirement applied, such as hot pursuit, prevention of imminent destruction of evidence, or preclusion of escape. *People v Henry (After Remand)*, 305 Mich App 127, 138; 854 NW2d 114 (2014). Regardless, we conclude that, considering the extremely dilapidated and nearly uninhabitable condition of the house in conjunction with all of the surrounding circumstances, the trial court did not err in ruling that defendant lacked standing to challenge the search on the basis that the house constituted abandoned property. *People v Taylor*, 253 Mich App 399, 406-407; 655 NW2d 291 (2002) (search of abandoned real property is presumptively reasonable). There was evidence that the basement of the house was flooded, that the house was not independently serviced with gas or electricity, that there was no running water, and that the house had been regularly used for illicit activity. *Id.* at 407 (discussing abandonment factors). Moreover, aside from the issue of whether the house was abandoned, the testimony by defendant's uncle[6] at the suppression hearing indicated, in part, as follows regarding defendant and the house:

> He [defendant] got a barbershop in there. . . . He got like a little barbershop . . . in there, cut hair in the neighborhood and stuff. He been over there doing that for probably far back as I can remember. . . . Yes, it's a barbershop. Barber chair in there, got a pool table in there, TV.

If defendant was actually operating a public business from the home and allowing patrons to come in for haircuts, there would not have been any reasonable expectation of privacy implicating Fourth Amendment rights; the police would have been free to enter the barbershop. *Taylor*, 253 Mich App at 404 (Fourth Amendment search occurs when government intrudes on a person's reasonable expectation of privacy). In sum, reversal on this issue is unwarranted.

Defendant also argues that trial counsel was ineffective when counsel examined defendant and asked him whether he had ever previously dealt drugs from the house. Defendant replied that he had not done so; however, defendant indeed had been previously arrested for possessing and dealing drugs at that location. Having opened the door on the issue and upon request by the prosecution, the trial court permitted the prosecutor to introduce testimony about defendant's prior drug possession and trafficking activity connected to the home. The trial court then provided a limiting instruction to the jury that the impeachment testimony could only be considered for purposes of determining defendant's credibility. We hold that, assuming deficient performance by counsel relative to his direct examination of defendant, defendant has simply failed to establish the requisite prejudice, i.e., that there exists a reasonable probability that, but for counsel's presumed error, defendant would have been acquitted. *People v Carbin*, 463 Mich

---

[6] The uncle owned the house at one time, but a judgment of foreclosure had been entered several months before the police searched the home, and the uncle did not live at the house at the time of the search.

590, 600; 623 NW2d 884 (2001).[7]  The evidence of defendant's guilt in possessing all of the cocaine was overwhelming.

Finally, defendant argues that the trial court erred when it overruled his objection to questioning regarding the foreclosure of the house.  Defendant contends that the evidence prejudiced him because a foreclosed-upon house in Detroit suggested to the jury that the house was used for drug dealing.  Given that there had earlier been police testimony about a history of drug dealing and trafficking at the house, which was not objected to, nor the subject of an appellate argument, we cannot fathom how the foreclosure testimony prejudiced defendant.  Any error was entirely harmless.  MCL 769.26; *People v Lukity*, 460 Mich 484, 495; 596 NW2d 607 (1999).  Moreover, the evidence was relevant with respect to defendant and his codefendant's presence at the house on the date of the offenses, MRE 401, and the probative value of the evidence was not substantially outweighed by the danger of unfair prejudice, MRE 403.  The trial court did not abuse its discretion in admitting the evidence.  *Lukity*, 460 Mich at 488.

Defendant's convictions and sentences are vacated, and the case is remanded for entry of judgment on convictions for possession with intent to deliver less than 50 grams of cocaine, MCL 333.7401(2)(a)(*iv*), and for possession of less than 25 grams of cocaine, MCL 333.7403(2)(a)(*v*), along with resentencing.  We do not retain jurisdiction.


/s/ William B. Murphy
/s/ Mark J. Cavanagh
/s/ Amy Ronayne Krause

---

[7] Whether a defendant has been deprived of the effective assistance of counsel is a mixed question of fact and constitutional law, which we review, respectively, for clear error and de novo on appeal.  *People v LeBlanc*, 465 Mich 575, 579; 640 NW2d 246 (2002).