# Order

**Michigan Supreme Court**
**Lansing, Michigan**

September 29, 2006

130798

PEOPLE OF THE STATE OF MICHIGAN,
      Plaintiff-Appellee,

v

TIJUANE LAQUAY OTTERBRIDGE,
      Defendant-Appellant.

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

SC: 130798
COA: 256739
Kent CC: 03-000224-FC

_____/

On order of the Court, the application for leave to appeal the February 2, 2006 judgment of the Court of Appeals is considered and, pursuant to MCR 7.302(G)(1), in lieu of granting leave to appeal, we REVERSE in part the judgment of the Court of Appeals and VACATE only the defendant's conviction and sentence for felonious assault. We agree with the Court of Appeals that the Kent Circuit Court erred by convicting the defendant of felonious assault. As the appeals court stated, felonious assault is a cognate lesser offense of the charged offense of which the defendant was acquitted, assault with intent to murder, and not a lesser-included offense of the charged offense. See *People v Cornell*, 466 Mich 335, 353-359 (2002). However, unlike the Court of Appeals, we conclude that the defendant has satisfied his burden under *People v Carines*, 460 Mich 750 (1999), to establish that this unpreserved error amounts to plain error. Under the circumstances of this case, the defendant could not lawfully be convicted of the crime of felonious assault; such an error seriously affects the fairness, integrity, or public reputation of the judicial proceedings. *Id*. at 763. The defendant's conviction for felonious assault, and the sentence imposed for that conviction, must be vacated.

WEAVER, J., dissents and states as follows:

I dissent and would deny leave to appeal. I would not peremptorily reverse because defendant has suffered no prejudice.

CORRIGAN, J., dissents and states as follows:

I respectfully dissent from the majority's peremptory order vacating defendant's conviction and sentence for felonious assault, MCL 750.82.

The majority is correct that the trial court erred in considering felonious assault at defendant's bench trial. *People v Cornell*, 466 Mich 335 (2002), and its progeny establish that a trier of fact may not consider uncharged cognate offenses. The prosecutor here charged defendant with assault with intent to commit murder, not with felonious assault. Thus, because felonious assault is a cognate lesser offense of assault with intent to commit murder, the court should not have considered this uncharged offense at trial.

Defendant, however, failed to object to the error at trial, and the Court of Appeals correctly determined that he has not satisfied the plain-error standard that must be met to avoid forfeiture of unpreserved errors, as set forth in *People v Carines*, 460 Mich 750 (1999). In particular, defendant has not demonstrated that he was prejudiced by the error.

The evidence at trial reflected that defendant pointed a gun at the victim and demanded money. After he shot the victim, defendant fled while still pointing the gun at the victim. Defendant denied that he committed the offense. The trial court found that defendant lacked the specific intent to kill, but otherwise found that defendant used a weapon, as reflected by his convictions of armed robbery, MCL 750.529; possession of a firearm during the commission of a felony, MCL 750.227b; and being a felon in possession of a firearm, MCL 750.224f. *The presence and use of a weapon was at issue at all points of the trial*.

In light of these facts, I am not certain how or why the majority has concluded that defendant was prejudiced. Neither defendant nor the majority has offered any explanation regarding how the defense at trial would have been any different if he had been formally charged with felonious assault.

Moreover, defendant's sentence for armed robbery is 14½ to 30 years, which is *longer* than his concurrent sentence of two to eight years for felonious assault. This fact reinforces the conclusion that the *Cornell* error has not prejudiced defendant.

For these reasons, I conclude that the Court of Appeals did not err in its application of the *Carines* standard, and I would deny leave to appeal.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

September 29, 2006

_____
Clerk

s0926