# Order

**Michigan Supreme Court**
**Lansing, Michigan**

December 7, 2007

134552

PEOPLE OF THE STATE OF MICHIGAN,
        Plaintiff-Appellee,

v

RONALD WHEELER,
        Defendant-Appellant.

_____/

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

SC: 134552
COA: 267445
Wayne CC: 05-007220-01

On order of the Court, the application for leave to appeal the April 26, 2007 judgment of the Court of Appeals is considered and, pursuant to MCR 7.302(G)(1), in lieu of granting leave to appeal, we REVERSE the judgment of the Court of Appeals and we VACATE the defendant's felonious assault convictions. The prosecution originally charged the defendant with four counts of felonious assault, but later successfully moved to amend the information to instead charge four counts of assault with intent to commit murder. The defendant subsequently conceded in his opening statement before the jury that the conduct forming the basis of the charges against him might have amounted to felonious assault, but he contended that it did not amount to assault with intent to murder. The defendant's testimony was premised on his contention that, though firing his weapon in the air to convey to those he believed to be burglars that he was armed constituted felonious assault, he did not have the intent to commit murder. Felonious assault is a cognate lesser offense to assault with intent to commit murder. *People v Vinson*, 93 Mich App 483, 486 (1979). Where the defendant was no longer charged with felonious assault, it was error for the trial court to grant the prosecution's request to instruct on this cognate lesser offense. *People v Cornell*, 466 Mich 335, 353-359 (2002). Moreover, even if the defendant's repeated objections to instructing the jury on felonious assault were insufficiently specific to preserve this issue, reversal is warranted because the instruction on felonious assault was plain error. *People v Otterbridge*, 477 Mich 875 (2006).

CAVANAGH, J., would vacate the felony-firearm conviction as well as the felonious assault convictions.

KELLY, J., dissents and states as follows:

I would vacate defendant's convictions of possession of a firearm during the commission of a felony and felonious assault. In *People v Vaughn*,[1] this Court held that juries may convict a defendant of felonious assault while acquitting him of a related felony-firearm charge. It noted that one element of the jury's power is its capacity for leniency. In *People v Lewis*,[2] this Court further explored the relationship between a felony-firearm offense and the underlying felony. It held that it is not necessary that a defendant be convicted of the underlying felony before a sentence for a felony-firearm conviction may be imposed. In doing so, this Court again cited the jury's power to be lenient.[3]

However, the jury's power to be lenient is not at issue here because the jury convicted defendant of both felony-firearm and the underlying felony. Therefore, the rationale of *Lewis* and *Vaughn* is inapplicable. In addition, this Court has noted that "*Lewis* does not grant an *appellate court* the option of reaching an inconsistent result."[4] However, the majority's decision in this matter does precisely that.

In this case, defendant's felony-firearm conviction is premised on a finding that he was guilty of an offense, felonious assault, for which he could not be properly charged. The jury should not have been instructed on that offense. Because defendant's felonious assault convictions should be vacated, the felony-firearm conviction should be vacated as well because it is necessarily premised on the felonious assault convictions. We should not base our decision here on the theory that it was permissible for the jury to render an inconsistent verdict. To do so overlooks this Court's responsibility to identify a logical interpretation for verdicts where possible.[5] A logical interpretation is possible in this case.

The jury could have found defendant guilty of felony-firearm in one of three ways: (1) by finding that he committed assault with intent to commit murder, even though it did not convict him of the crime, and by tying the felony-firearm conviction to that assault; (2) by finding that he committed assault with intent to commit great bodily harm, even though it did not convict him of that crime, and by tying the felony-firearm conviction to that assault; or (3) by finding that he committed and should be convicted of felonious assault and by tying the felony-firearm conviction to that crime.

---

[1] 409 Mich 463 (1980).

[2] 415 Mich 443 (1982).

[3] *Id*. at 449-453.

[4] *People v Burgess*, 419 Mich 305, 311 (1984) (emphasis added).

[5] See *People v Tombs,* 472 Mich 446, 462-463 (2005).

Because this Court must presume consistent verdicts, it must presume that the jury followed the latter reasoning. This is the most logical explanation for the jury verdict, and it avoids a determination that the jury acted inconsistently.

Given that the jury should not have been instructed on felonious assault, the felonious assault convictions should be vacated. Because the felonious assault convictions should be vacated, the felony-firearm conviction, which is premised on the felonious assault convictions, should be vacated as well.

CORRIGAN, J., would deny leave to appeal.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

December 7, 2007

_____
Clerk

p1204