# Order

**Michigan Supreme Court**
**Lansing, Michigan**

October 3, 2008

136517

PEOPLE OF THE STATE OF MICHIGAN,
   Plaintiff-Appellant,

v

JERRELL ANTHONY FOX,
   Defendant-Appellee.

_____/

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

SC: 136517
COA: 277140
Wayne CC: 06-009624-01

   On order of the Court, the application for leave to appeal the May 13, 2008 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the question presented should be reviewed by this Court.

   WEAVER, J., would grant leave to appeal.

   CORRIGAN, J. (*dissenting*).

   I would grant leave to appeal. I question the Court of Appeals determination that the trial court's error in convicting defendant of the cognate lesser offense of felonious assault, MCL 750.82, requires vacation of his convictions and sentences. The prosecutor argues convincingly that defense counsel at trial acquiesced in the consideration of the cognate offense, thereby extinguishing the error. See *People v Carter*, 462 Mich 206, 215 (2000).

   Defendant was charged with eight counts of assault with intent to commit murder, MCL 750.83. At defendant's bench trial, the prosecutor conceded that the evidence did not show an intent to commit murder and asked the court to consider the lesser offenses of assault with intent to do great bodily harm, MCL 750.84, and felonious assault. Defense counsel argued that the evidence did not show an intent to commit murder or to do great bodily harm and then stated, "I don't really want to concede on the lesser of Felonious Assault. However, I think certainly there was no intent to do any great bodily harm to anyone by Mr. Fox." Defense counsel then concluded, "I think that this is not a

case of Assault With Intent to do—to Commit Murder or to do Great Bodily Harm. I would ask the court to find the appropriate sentence—appropriate verdict."

The trial court found defendant guilty of three counts of felonious assault. The Court of Appeals vacated the convictions on the ground that felonious assault is a cognate lesser offense of assault with intent to commit murder. See *People v Cornell*, 466 Mich 335, 357 (2002) (holding that MCL 768.32(1) does not permit consideration of cognate lesser offenses), and *People v Otterbridge*, 477 Mich 875 (2006) (holding that felonious assault is a cognate lesser offense of assault with intent to commit murder).

Nevertheless, I agree with the prosecutor that defense counsel's comments reflect his acquiescence in the consideration of felonious assault. Counsel's assertion that he did not "really want to concede on the lesser of Felonious Assault" was a declination to concede defendant's *guilt* of that offense. Counsel left open the possibility that the court could *consider* a felonious assault conviction by stating, "I think that this is not a case of Assault with Intent to do—to Commit Murder or to do Great Bodily Harm. I would ask the court to find the appropriate sentence—appropriate verdict." By acquiescing in the *consideration* of felonious assault, defendant waived this issue, thereby extinguishing the error. See *Carter*, *supra* (explaining that waiver is the intentional relinquishment or abandonment of a known right, and that it extinguishes any error).

Even if the error was not waived, defendant failed to object to the consideration of felonious assault. In light of this forfeiture, defendant must establish a plain error that affected the outcome of the lower court proceedings. He must show that he is actually innocent or that the error seriously affected the fairness, integrity, or public reputation of the proceedings. *People v Carines*, 460 Mich 750, 763-764 (1999). Defendant has not met these requirements. "Neither defendant nor the majority has offered any explanation regarding how the defense at trial would have been any different if he had been formally charged with felonious assault." *Otterbridge*, *supra* at 876 (Corrigan, J., dissenting).

For these reasons, I would grant leave to appeal to consider more fully the prosecutor's arguments in this case.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

October 3, 2008

*Corbin R. Davis*

Clerk