*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

WILSHAWN ANTWAUN TALLEY-ELLIS,

Defendant-Appellant.

UNPUBLISHED
October 15, 2020

No. 349112
Macomb Circuit Court
LC No. 2018-003085-FC

Before: SWARTZLE, P.J., and JANSEN and BORRELLO, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial convictions of assault with intent to commit murder, MCL 750.83, and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. The trial court sentenced defendant as a fourth-offense habitual offender, MCL 769.12, to 25 to 50 years in prison for the assault conviction and a consecutive two-year term of imprisonment for the felony-firearm conviction. For the reasons set forth in this opinion, we affirm defendant's convictions, but remand to the trial court for resentencing consistent with this opinion.

## I. BACKGROUND

This case arises from a shooting at an automotive assembly plant in Sterling Heights on the evening of August 18, 2018. According to trial testimony, defendant arrived at the plant that evening visibly upset by his suspicions that his girlfriend, who was working at the plant, was having an affair. A physical altercation occurred outside the plant between defendant and the victim. At some point, the victim walked back toward the building and defendant went to his car and retrieved a gun. Defendant proceeded to chase the victim through the plant and fired one bullet, which did not hit the victim. According to a witness, defendant aimed the gun at the victim and fired. While the victim was hiding after the shooting, he heard defendant say, "I was going to kill you." Defendant, however, testified at trial that he did not intend to shoot the victim and that he fired the gun at the ceiling, not at the victim.

Evidence of defendant's phone calls to his girlfriend were admitted into evidence. During those calls, defendant told his girlfriend that if she did not come to court, then "they can't do

anything." Defendant also told his girlfriend not to speak with the prosecution, the police or answer her phone or the door.

Defendant testified that at approximately 10:00 p.m., he and his girlfriend were arguing on the phone about her "drinking and smoking with other guys at work." Defendant drove to the plant and was met outside by two employees and his girlfriend. According to defendant, the victim then came outside and defendant yelled an insult at him. The victim then attacked defendant, throwing a few punches which defendant testified he swatted away.

After this altercation, defendant testified that he went to his vehicle to leave and another employee was right next to him. Defendant was startled so he grabbed a gun, causing the employee to exclaim: "He got a gun." Defendant further testified that at the same time this statement was made, the victim was running toward the door and defendant followed him. After defendant and the victim struggled at the door, the victim ran toward the back of the factory and defendant chased him, eventually stopping because he realized that he did not want to harm the victim. At that juncture, defendant testified that he fired the gun into the air. Defendant denied ever pointing the gun at the victim or firing the gun at the victim. According to defendant, he never intended to shoot or kill the victim, he only wanted to scare him.

Defendant denied that he threatened his girlfriend not to come to court, rather, defendant testified, he merely told her that she did not have to testify and that the prosecution could not force her to do so because she and defendant consider themselves to be husband and wife.

Defendant was convicted and sentenced as indicated above. This appeal ensued.

## II. ISSUES RAISED IN DEFENDANT'S BRIEF ON APPEAL

### A. HABITUAL-OFFENDER NOTICE

In his appeal, defendant first argues that he was denied due process because he was not informed that a fourth-offense habitual-offender notice that he was subject to a 25-year mandatory minimum sentence had been filed. In the alternative, defendant argues that trial counsel was ineffective by failing to inform him of the 25-year mandatory minimum sentence. The State agrees that defendant is entitled to resentencing, but as a fourth-offense habitual offender under MCL 769.12(b)(1).

The habitual-offender notice requirements are set forth in MCL 769.13. MCL 769.13(2) provides:

> A notice of intent to seek an enhanced sentence filed under subsection (1) shall list the prior conviction or convictions that will or may be relied upon for purposes of sentence enhancement. The notice shall be filed with the court and served upon the defendant or his or her attorney within the time provided in subsection (1). The notice may be personally served upon the defendant or his or her attorney at the arraignment on the information charging the underlying offense, or may be served in the manner provided by law or court rule for service of written pleadings. The prosecuting attorney shall file a written proof of service with the clerk of the court.

Under MCR 2.104(A)(3), a valid proof of service requires "a written statement of the facts of service, verified under MCR 1.109(D)(3)[,]" including "the manner, time, date, and place of service, and indicate the process server's official capacity, if any."

Here, the record reveals that at the arraignment hearing on September 24, 2018, trial counsel acknowledged receipt of a second-offense habitual-offender notice. The prosecutor stated that he intended to amend the notice to a fourth-offense habitual-offender notice. The lower court file contains a fourth-offense habitual-offender notice that was filed on September 26, 2018. The notice is stamped with a certificate of service indicating that a copy was hand-delivered to all parties or their attorneys at their addresses of record September 25, 2018.

Defendant argues that the certificate of service does not satisfy the requirements of MCR 2.104 because it does not specify the time, place of service, or the server's official capacity. Defendant is correct that the certificate of service does not specify the time of service, the address of service, or the server's capacity and, thus, does not satisfy the requirements of MCR 2.104.[1]

This Court has held that "[t]he failure to file a proof of service of the notice of intent to enhance the defendant's sentence may be harmless if the defendant received the notice of the prosecutor's intent to seek an enhanced sentence and the defendant was not prejudiced in his ability to respond to the habitual-offender notification." *People v Head*, 323 Mich App 543-544; 917NW2d 752 (2018). In this case, however, there is no evidence that trial counsel or defendant had actual notice of the prosecutor's intent to seek enhancement of defendant's sentence as a fourth-offense habitual offender. At the arraignment hearing, the assistant prosecutor stated that he intended to amend the notice to a fourth-offense habitual-offender notice. While defendant was present at that hearing, his counsel of record was not. Subsequently, at the second adjournment of trial on February 6, 2019, the prosecutor objected to a reduction in defendant's bond and stated that defendant had "four prior felony convictions, habitual fourth notice." Trial counsel's response indicates that she had been speaking to defendant while the assistant prosecutor was addressing the court and, thus, did not hear the prosecutor's statement. She argued that while defendant had prior felonies, none of them were violent, but she did not address the number of prior felonies. Regardless, this notice would not have been provided within 21 days of defendant's arraignment. See MCL 769.13(1). Trial counsel maintained at sentencing that she never received the fourth-offense habitual-offender notice. On this record we find no evidence that defendant had actual notice that if convicted, he would be sentenced as a fourth-offense habitual offender. Accordingly, in the absence of valid proof that defendant was served with the fourth-offense habitual-offender notice and no evidence that defendant had actual notice of being charged as a fourth-offense habitual offender, we concur with defendant that he is entitled to resentencing as a second-offense habitual offender.[2]

---

[1] Defendant also asserts that the certificate did not satisfy the requirements of MCR 2.114, but this rule was repealed on September 1, 2018.

[2] Because we conclude that defendant is entitled to resentencing as a second-offense habitual offender, we need not address the prosecution's argument that defendant may be sentenced as a fourth-offense habitual offender, but should be sentenced under MCL 769.12(1)(b), and not MCL

## B. JAIL CALLS

Next, defendant argues on appeal that he was denied a fair trial by the admission of irrelevant and prejudicial evidence that he advised his girlfriend not to appear for trial. Defendant additionally argues that the complained of evidence should have been excluded under MRE 403.

At trial, the State learned that defendant had been calling his girlfriend, telling her not to appear for trial, not to speak with the police or prosecutor, and to turn her phone off and not answer her door. To prove defendant made these statements, and explain the absence of defendant's girlfriend from court, the trial court admitted three recordings which were played for the jury over the objections of trial counsel.

It is well-settled that this Court reviews preserved claims of evidentiary error for an abuse of discretion. *People v Bergman*, 312 Mich App 471, 483; 879 NW2d 278 (2015). "An abuse of discretion occurs when the court chooses an outcome that falls outside the range of reasonable and principled outcomes." *Id*. (quotation marks and citation omitted).

In *Bergman*, 312 Mich App at 483, this Court explained:

> Generally, all relevant evidence is admissible at trial, and [e]vidence which is not relevant is not admissible. Relevant evidence means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Relevance involves two elements, materiality and probative value. Materiality refers to whether the fact was truly at issue. Evidence is probative if it tends to make the existence of any fact that is of consequence of the determination of the action more probable or less probable than it would be without the evidence[.] [Quotation marks and citations omitted.]

Defendant argues that the evidence regarding his calls to his girlfriend was not relevant because he was not charged with witness intimidation or a related offense. He also argues that because the evidence established that his girlfriend was not present when the shooting occurred, her testimony would not have aided the prosecution or defense.

We find no merit in defendant's objections to the testimony on the basis that defendant was not charged with witness intimidation. This Court has held that "[e]vidence of a defendant's threat against a witness is generally admissible as conduct that can demonstrate consciousness of guilt." *People v Kelly*, 231 Mich App 627, 640; 588 NW2d 480 (1998). Similarly, "[e]vidence that a defendant made efforts to influence an adverse witness is relevant if it shows consciousness of guilt." *People v Schaw*, 288 Mich App 231, 237; 791 NW2d 743 (2010). In the calls, defendant told his girlfriend not to talk to the prosecution, not to come to court, and to use a different phone. Although defendant argues that the statements were not direct threats against his girlfriend,

---

769.12(1)(a). Additionally, because we are directing the trial court to resentence defendant, his claim of ineffective assistance of counsel is moot.

defendant's direction to her not to cooperate or testify tends to show consciousness of guilt. *Id*. In addition, even though the evidence indicated that defendant's girlfriend did not witness the shooting, her testimony was relevant to defendant's motive to shoot the victim. Motive is relevant to show an intent to kill. See *People v Caddell*, ___ Mich App ___, ___; ___ NW2d ___ (2020) (Docket Nos. 343750 & 343993); slip op at 15. Moreover, the jury may have wondered why, after defendant had indicated to a detective that his girlfriend would verify his statements, she did not testify at trial. Hence, the statements were relevant for the prosecution to explain her absence.

Defendant additionally argues that even if the evidence was relevant, it should have been excluded under MRE 403. "Relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury . . . . Under MRE 403, the trial court had to consider whether, although relevant, unfair prejudice substantially outweighed this evidence's probative value." *People v Edwards*, 328 Mich App 29, 43; 935 NW2d 419 (2019) (quotation marks and citation omitted). "Any relevant evidence will intrinsically be prejudicial to some extent; 'unfair' prejudice exists where extraneous circumstances like shock, jury bias, sympathy, or anger pose a risk that the jury will give the evidence weight disproportionate to its rational probative value." *People v Spaulding*, ___ Mich App ___, ___; ___ NW2d ___ (2020) (Docket No. 348500); slip op at 6 (citation omitted).

Here, the evidence regarding defendant's statements to his girlfriend were prejudicial to defendant because of their damaging effect as noted above. However, defendant has not established any unfair prejudice because of the evidence's tendency to elicit bias, sympathy, anger, shock, of other considerations extraneous to the merits of the charged offenses and that substantially outweighed the probative value of the evidence. Accordingly, the trial court did not abuse its discretion by admitting evidence of defendant's statements to his girlfriend.

## C. SUFFICIENCY OF THE EVIDENCE

Defendant next argues that there was insufficient evidence to support his conviction of assault with intent to commit murder.

"This Court reviews de novo a defendant's challenge to the sufficiency of the evidence supporting his or her conviction." *People v Miller*, 326 Mich App 719, 735; 929 NW2d 821 (2019). This Court reviews "the evidence in a light most favorable to the prosecution to determine whether a rational trier of fact could find that the prosecution proved the crime's elements beyond a reasonable doubt. Conflicting evidence and disputed facts are to be resolved by the trier of fact." *Id*. (citations omitted).

"The elements of assault with intent to commit murder are (1) an assault, (2) with an actual intent to kill, (3) which, if successful, would make the killing murder. The intent to kill may be proved by inference from any facts in evidence." *People v Jackson*, 292 Mich App 583, 588; 808 NW2d 541 (2011) (quotation marks and citations omitted). "[A]ssault is either an attempt to commit a battery or an unlawful act that places another in reasonable apprehension of receiving an immediate battery. Battery is an intentional, unconsented and harmful or offensive touching of the person of another, or of something closely connected with the person." *People v. Starks*, 473 Mich 227, 234, 701 NW2d 136 (2005).

Our review of the record evidence leads us to conclude that when viewing the evidence in the light most favorable to the prosecution, there was sufficient evidence to establish each of the above elements beyond a reasonable doubt. First, there was evidence that defendant assaulted the victim by chasing the victim through an automobile assembly plant plant with a gun and firing the gun. From these facts the jury could find beyond a reasonable doubt that defendant attempted to commit "an intentional, unconsented and harmful or offensive touching of the person of another" or placed the victim "in reasonable apprehension of receiving an immediate battery." *Starks*, 473 Mich at 234.

Next, there was sufficient evidence for the jury to find beyond a reasonable doubt that defendant intended to kill the victim. "Minimal circumstantial evidence and reasonable inferences can sufficiently prove the defendant's state of mind, knowledge, or intent." *Miller*, 326 Mich App at 735. Defendant's intent to kill may be inferred from his use of a deadly weapon, his taking aim at the victim, his flight after the shooting, and his attempt to hide evidence. See *People v Everett*, 318 Mich App 511, 531 n 10; 899 NW2d 94 (2017). There is no dispute that defendant chased the victim with a gun which witnesses testified had a scope that projected a red beam onto the intended target. A witness testified that defendant stopped and aimed at the victim before firing, although he did not see the laser beam on the victim. The victim saw a red beam ricocheting off the wall. Another witness testified that the gun was aimed straight ahead when it was fired. An evidence technician, however, could not identify the impact point of the bullet and defendant denied having pointed the gun at the victim. Although there was conflicting evidence regarding whether the laser from the gun was pointed at the victim, conflicting evidence and disputed facts must be resolved in favor of the jury's verdict. See *Miller*, 326 Mich App at 735. There was also evidence that defendant fled after the shooting, admitted throwing the gun into the Detroit River, and advised his girlfriend not to cooperate with the prosecution or testify at trial. Furthermore, defendant's intent can be inferred from statement he made after the shooting. While the victim was hiding, he heard defendant say, "I was going to kill you." This contradicted defendant's testimony that he merely fired the gun into the air. In addition, there was evidence of defendant's motive to shoot the victim because defendant believed that his girlfriend was having an affair at work. Although defendant testified that he did not intend to harm the victim, the jury disbelieved his testimony and this Court may not interfere with the jury's determination regarding the credibility of witnesses. See *People v Unger*, 278 Mich App 210, 222; 749 NW2d 272 (2008).

Additionally, there was sufficient evidence that if defendant had killed the victim, the killing would have constituted murder. Again, defendant's intent to kill may be inferred from the facts in evidence in this case, with minimal circumstantial evidence being sufficient. *Miller*, 326 Mich App at 737. Defendant fails to present any argument that the circumstances would have legally excused or reduced the crime.[3] Accordingly, there was sufficient evidence to support defendant's conviction of assault with intent to commit murder.

### III. ISSUES RAISED IN DEFENDANT'S STANDARD 4 BRIEF

---

[3] As discussed further below, defendant waived his claim that the trial court erred by failing to instruct the jury regarding mitigating circumstances and failed to establish that trial counsel was ineffective by failing to request the instruction.

Defendant raises the following issues in a brief filed pursuant to Administrative Order 2004-6, Standard 4.

## A. JURY INSTRUCTIONS

Defendant argues that he was denied the right to a properly instructed jury because the trial court failed to instruct the jury regarding mitigating circumstances and lesser included offenses.

"In order to preserve an error in the giving or failure to give jury instructions, a party must make a specific objection on the record." *People v Fletcher*, 260 Mich App 531, 558; 679 NW2d 127 (2004). During discussions regarding the jury instructions and verdict form, the trial court asked, "Any lesser includeds?" and trial counsel responded, "No, Judge." Counsel also affirmed that she had discussed the matter with defendant. Defendant also never requested an instruction regarding mitigating circumstances. Therefore, this issue is unpreserved. This Court reviews unpreserved issues regarding jury instructions for plain error affecting substantial rights. *People v Czuprynski*, 325 Mich App 449, 466-467; 926 NW2d 282 (2018).

As this Court explained in *Spaulding*, ___ Mich App at ___; slip op at 8:

> A defendant has the right to a properly instructed jury. [T]he trial court is required to instruct the jury with the law applicable to the case and fully and fairly present the case to the jury in an understandable manner. Jury instructions are reviewed in their entirety to determine if there is error requiring reversal. Jury instructions must include all the elements of the charged offense and must not exclude material issues, defenses, and theories if the evidence supports them. [Quotation marks and citations omitted].

"A party's explicit and express approval of jury instructions as given waives any error and precludes appellate review." *Id*. at ___; slip op at 8.

This issue is waived because trial counsel expressly approved the jury instructions. Therefore, appellate review of defendant's substantive claims is precluded. Furthermore, defendant fails to established that the trial court was required to sua sponte provide these instructions which were not requested by defendant.

## B. INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant contends that trial counsel was ineffective by failing to advise him of the 25-year mandatory minimum sentence and by failing to request jury instructions on mitigating circumstances and lesser included offenses.

"To demonstrate ineffective assistance of counsel, a defendant must show that his counsel's performance was deficient, and that there is a reasonable probability that but for that deficient performance, the result of the trial would have been different." *Hoang*, 328 Mich App 64 (quotation marks and citation omitted). "This Court has held that declining to request a particular jury instruction can constitute effective trial strategy. Indeed, deciding what instructions to request falls within the wide range of discretion accorded to counsel." *People v Allen*, ___ Mich App ___, ___; ___ NW2d ___ (2020) (Docket No. 342999); slip op at 12 (citations omitted), lv pending.

Preliminarily, defendant's claim that trial counsel was ineffective by failing to advise him regarding the mandatory 25-year minimum sentence is moot. As discussed earlier, there is no proof that defendant was served with the fourth-offense habitual-offender notice and no evidence that he had actual notice. Therefore, he is entitled to resentencing as a second-offense habitual offender.

Defendant next argues that trial counsel should have requested a jury instruction regarding mitigating circumstances. To the extent that evidence supported this instruction, defendant fails to overcome the presumption that trial counsel's decision not to request it was sound trial strategy. M Crim JI 17.4 addresses mitigating circumstances in relation to assault with intent to commit murder and provides:

> (1) The defendant can only be guilty of the crime of assault with intent to commit murder if [he / she] would have been guilty of murder had the person [he / she] assaulted actually died. If the assault took place under circumstances that would have reduced the charge to manslaughter if the person had died, the defendant is not guilty of assault with intent to commit murder.

> (2) Voluntary manslaughter is different from murder in that for manslaughter, the following things must be true:

> (3) First, when the defendant acted, [his / her] thinking must have been disturbed by emotional excitement to the point that an ordinary person might have acted on impulse, without thinking twice, from passion instead of judgment. This emotional excitement must have been caused by something that would cause an ordinary person to act rashly or on impulse. The law does not say what things are enough to do this. That is for you to decide . . . .

> (4) Second, the killing itself must have resulted from this emotional excitement. The defendant must have acted before a reasonable time had passed to calm down and before reason took over again. The law does not say how much time is needed. That is for you to decide. The test is whether a reasonable time passed under the circumstances of this case.

> (5) If you find that the crime would have been manslaughter had the person died, then you must find the defendant not guilty of assault with intent to murder [and decide whether (he / she) is guilty of any lesser offense].

Here, trial counsel may have reasonably believed that this instruction would have confused the jury because defendant's defense was that he did not intend to kill or harm the victim. By suggesting that defendant was acting on impulse or from passion, the instruction may have undermined this defense. "Whether counsel's trial strategy was succes[s]ful does not render counsel's performance ineffective, nor does it overcome the presumption that counsel provided reasonable professional assistance. This Court will not assess counsel's competence with the benefit of hindsight." *Allen*, ___ Mich App at ___; slip op at 13 (citations omitted). Accordingly, defendant fails to establish that trial counsel was ineffective by failing to request this instruction.

Defendant also argues that trial counsel should have requested that the jury be instructed on the lesser offenses of assault with intent to do great bodily harm less than murder, felonious assault, and reckless discharge of a firearm. The crimes of felonious assault and reckless discharge of a firearm are not lesser included offenses of assault with intent to commit murder. *People v Wheeler*, 480 Mich 965, 965; 741 NW2d 521 (2007); *People v Lowery*, 258 Mich App 167, 174; 673 NW2d 107 (2003). Therefore, trial counsel was not ineffective by failing to request instructions on those offenses. However, assault with intent to do great bodily harm qualifies as a lesser included offense of assault with intent to commit murder. *Everett*, 318 Mich App at 529. "These offenses are distinguishable from each other by the intent required of the actor at the time of the assault. That is, [assault with intent to commit murder] requires an actual intent to kill that is not a part of [assault with intent to do great bodily harm]." *Id*. (quotation marks and citations omitted).

Nonetheless, defendant fails to overcome the presumption that trial counsel's decision not to request an instruction on assault with intent to do great bodily harm was sound trial strategy. "[T]his Court has specifically recognized that an all-or-nothing defense is a legitimate trial strategy. When the defense trial strategy is to obtain an outright acquittal, an instruction or argument on a lesser offense may reduce the defendant's chances of acquittal." *Allen*, ___ Mich App at ___; slip op at 12-13 (citations omitted). In this case, the defense's theory was that defendant had not intended to shoot the victim and had merely fired the gun into the air. Therefore, trial counsel may not have wanted to give the jury the opportunity to compromise and convict defendant of a lesser assault offense, rather than acquit him of the crime. Again, "[w]hether counsel's trial strategy was succes[s]ful does not render counsel's performance ineffective, nor does it overcome the presumption that counsel provided reasonable professional assistance. This Court will not assess counsel's competence with the benefit of hindsight." *Id*. at ___; slip op at 13 (citations omitted). Therefore, defendant is not entitled to relief based on this argument.

We affirm defendant's convictions, but remand for resentencing. We do not retain jurisdiction.

/s/ Brock A. Swartzle
/s/ Kathleen Jansen
/s/ Stephen L. Borrello

-9-