*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

CHRISTIAN ANDREW GARDNER,

        Defendant-Appellant.

UNPUBLISHED
April 29, 2021

No. 350756
Wayne Circuit Court
LC No. 18-006144-01-FC

Before: LETICA, P.J., and CAVANAGH and FORT HOOD, JJ.

LETICA, P.J. (*concurring in part and dissenting in part*).

I concur with the exception of the resolution of the inconsistent-verdict issue. In my view, the outcome here is not controlled by *People v McKewen*, 326 Mich App 342; 926 NW2d 888 (2018), held in abeyance ___ Mich ___; 943 NW2d 381 (2020), which involved a singular stab wound that resulted in two assault convictions, one of which this Court vacated. *Id*. In this case, defendant stabbed the victim five separate times, inflicting four abdominal stab wounds and one stab wound to the back upper left arm, as well as a wound to the right ring finger that necessitated three stitches. Recognizing that the prosecution did not charge separate counts for each wound inflicted, there is also no evidence that the prosecution charged defendant alternatively with felonious assault in order to avoid reversible error in the aftermath of *People v Cornell*, 466 Mich 335; 646 NW2d 127 (2002).[1] See Gillespie, Michigan Criminal Law & Procedure with Forms (2d

---

[1] Compare *People v Brown*, 267 Mich App 141, 151; 703 NW2d 230 (2005) ("The offense of assault with intent to do great bodily harm is . . . a necessarily included lesser offense of assault with intent to commit murder and, as such, is an inferior offense within the meaning of MCL 768.32(1).") and *People v Haynie*, 505 Mich 1096; 943 NW2d 383 (2020) ("On the basis of the prosecutor's concession, [the Supreme Court] assume[d] without deciding that assault and battery, MCL 750.81(1), is a lesser included offense of assault with intent to commit murder . . . ." with *People v Wheeler*, 480 Mich 964, 965; 741 NW2d 521 (2007) ("Where the defendant was no longer charged with felonious assault, [but, instead, was charged with assault with the intent to commit murder,] it was error for the trial court to grant the prosecution's request to instruct on this

ed), §40:34 (explaining the difficulty that *Cornell* "has caused . . . in the area of assault crimes" and cautioning a prosecutor who "wish[es] consideration of felonious assault," to either "charge [it as an] alternative count when charging assault with intent to murder . . . or . . . attempt to amend the information to include the count . . . in order to avoid reversible error . . . [by] the return of a verdict of felonious assault by the trial judge at a bench trial."). And based on the evidence presented in this case, the trial court properly convicted defendant of both assault with the intent to commit murder and felonious assault without rendering inconsistent verdicts. See e.g., *People v Strawther*, 480 Mich 900; 739 NW2d 82 (2007) (rejecting this Court's conclusion that double jeopardy was violated when the jury convicted the defendant of both assault with the intent to commit great bodily harm less than murder and felonious assault as part of a continuous assault after he shot the victim in the thigh, raised the gun to the victim's head, and fired a second time as the victim drove off). This is simply not a situation where defendant was "convicted of two crimes, where a guilty verdict on one count logically excludes a finding of guilt on the other." See *United States v Powell*, 469 US 57, 69 n 8; 105 S Ct 471; 83 L Ed 2d 461 (1984). A factfinder could conclude that defendant assaulted the victim with the intent to kill her by stabbing her in the abdomen with a knife and also assaulted her with a dangerous weapon by either cutting her finger or stabbing the back of her left arm.


/s/ Anica Letica

---

cognate lesser offense.") and *People v Otterbridge*, 477 Mich 875; 721 NW2d 595 (2006)("[F]elonious assault is a cognate lesser offense of the charged offense of . . . assault with intent to commit murder, and not a lesser-included offense of the charged offense.").